CASE 27—PETITION ORDINARY—JUNE 18.

# Commonwealth for Arnold vs. Sommers.

### APPEAL FROM KENTON CIRCUIT COURT.

1. The surety in the official bond of a constable is not liable for money collected by the constable on a demand and mortgage for two hundred and sixty-two dollars and sixty-seven cents, which were placed in his hands for collection.

2. The official bond of a constable does not cover all acts which the constable might do as a mere agent, and not in his official capacity, but binds the surety only for the faithful performance of such official duties, as the constable is required, or permitted by law to discharge.

3. Although the statute expressly recognizes the liability of the surety in the official bond of a constable, for claims placed in the constable's hands for collection, on which he might obtain and execute process, or which he might officially collect without further precept, such liability does not embrace demands which the constable could not officially collect.

CHAS. D. FOOTE,                                    For Appellant,

CITED—

*Act of Dec.* 23, 1803 ; *Act of Feb.*, 1820.

5 *J. J. Mar.*, 544 ; *Crozier vs. Scott.*

*Act of Jan.*, 1829; *Act of Feb.* 28, 1835.

1 *Met.*, 501 ; *Walters vs. Chinn.*

3 *Met.*, 378 ; *Tudor vs. Lewis.*

*Revised Statutes, secs.* 1, 2, *art.* 4, *chap.* 20.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

In May, 1863, L. M. Rees, with the appellee, John Sommers, as his surety, executed his official bond as a constable of Kenton county, in the manner and form

prescribed in the *1st article of chapter* 20 *of the Revised Statutes*.

The appellant brought this suit in 1867 against Sommers, the surviving obligor in the bond of Rees, who was then dead, alleging that, in 1863, he had placed in the hands of Rees, "then a constable in the city of Covington, Kenton county, Kentucky, a demand and mortgage for collection against T. P. Herbert, for two hundred and sixty-two dollars and sixty-seven cents. That upon said demand and mortgage the said Rees, in his official capacity as constable, did collect and receive of said Herbert, at divers times, money for the said Arnold, to the amount of one hundred dollars; and that said Rees has never paid, or caused to be paid to the said Arnold, all or any part thereof."

The petition exhibits the official bond of Rees, and sets forth the covenant thereof, that he would, as constable, pay and satisfy all sums of money by him received or collected, "upon any note, account, or other claim placed in his hands for collection, to the person entitled thereto;" and prays for a judgment against the defendant for one hundred dollars, and ten per cent. damages thereon.

The court having sustained a demurrer of the defendant to the petition, and the plaintiff failing to plead further, the action was dismissed; and from that judgment this appeal is prosecuted.

It is obvious that the amount of the debt alleged to have been put into the hands of Rees was not within the jurisdiction of any of the inferior courts, whose precepts are ordinarily executed by constables; and it may be assumed, therefore, from the averments of the petition, that Rees received and undertook to collect the debt without any process of law, which he was

authorized to execute as an officer. And the only question to be considered is, whether the covenants of the official bond of the constable are sufficient to render his surety responsible for such an undertaking.

It is contended for the appellant, that by the 5*th section of article* 4, *of chapter* 20, *of the Revised Statutes*, the constable and his surety are made liable for claims placed in his hands for collection, whether he might receive and execute process thereon or not, and although the claims are not within the jurisdiction of any court whose precepts are ordinarily directed to constables; but we are of a different opinion.

According to our construction of the bond, which is in the words of the form prescribed in the Revised Statutes, it does not cover all acts which the constable might do as a mere agent, and not in his official capacity, but binds the surety only for the faithful performance of such official duties as the constable is required or permitted by law to discharge.

And although the statute expressly recognizes the liability of the surety for claims placed in his principal's hands for collection, on which he might obtain and execute process, or which he might officially collect without further process, such liability does not, in our opinion, embrace demands which the constable could not officially collect.

It seems to us, therefore, that the demurrer to the petition was properly sustained.

Wherefore, the judgment is *affirmed*.