THE PEOPLE, ex rel. DANIEL D. COMSTOCK, Respondent, v.
JOHN LUCAS et al., Appellants.

The wrongful seizure and sale, by a constable, of the property of A., on an
execution against B., does not constitute a breach of the condition of the
official bond of the constable, prescribed by the Revised Statutes (1 R. S.
346, § 21), i. e., that he will pay to the person entitled thereto " all such
sums of money as the said constable may become liable to pay on ac-
count of any execution which shall be delivered to him for collection."

The seizure is a mere trespass, and although under color of the process, it
is in no just sense on account of it, as the liability is solely on account
of the trespass.

*People, ex rel. Kellogg*, v. *Schuyler* (4 N. Y. 173), distinguished.

*People, ex rel. Comstock*, v. *Lucas* (25 Hun, 610), reversed.

(Argued October 13, 1883; decided October 26, 1883.)

APPEAL from judgment of the General Term of the Supreme
Court, in the second judicial department, entered upon an or-
der made December 13, 1881, which affirmed a judgment in
favor of plaintiff, entered upon a decision of the court on trial
without a jury. (Reported below, 25 Hun, 610.)

The nature of the action and the material facts are stated in
the opinion.

*Richard Busteed* for appellants. A surety is not to be held
beyond the very precise stipulations of his contract. (*Gates* v.
*McKee*, 13 N. Y. 237, *Rochester City B'k* v. *Elwood*, 21 id.
88, 90, 91.) The liability of the defendants is restricted to
what is particularly and in form set out in the bond itself. (2
R. L. 126, § 1; Laws of 1872, chap. 788; *National Mechan-
ics' Banking Association* v. *Conkling*, New York Daily Reg.,
Nov. 20, 1882; 24 Hun, 497; *Skellinger* v. *Yendes*, 12 Wend.
306, *Cornell* v. *Barnes*, 7 Hill, 35.) An action cannot be
maintained against a constable and his sureties, on his official
bond, for a trespass committed by him in taking the goods of
a stranger on an execution issued against the property of
another person. The remedy in such case is by an action of
trespass or trover against the officer personally, and against the

plaintiff in the execution, if he be a party to the trespass. (*Vanderworker* v. *Brown*, 54 Md. 318; 25 Alb. L. J. 29; *State* v. *Conover*, 28 N. J. 224; *Ward* v. *Stahl*, 81 N. Y. 406; *Nat. Mechs'. B'king Assoc'n* v. *Conkling*, 24 Hun, 497, 498; 90 N. Y. 116.)

*O. N. Payne* for respondent. The conduct of constables upon process from justices' courts must be governed by the same law as that of sheriffs upon process of the higher courts when no statute intervenes. (*Pixley* v. *Butts*, 2 Cow. 421; Crocker on Sheriffs, § 1091.) Taking goods of a third person by an officer under an execution against the property of another is not a mere trespass in this State, but is held to be an act done *virtute officii*, for which his sureties are liable on his official bond. (*People* v. *Schuyler*, 4 Comst. 173; *Bayley* v. *Bates*, 8 Johns. 185; *Curtiss* v. *Patterson*, 8 Cow. 67.) The liability of the sureties is co-extensive with that of the constable. (*Sloan* v. *Case*, 10 Wend. 370; 4 Johns. 357; *Fellows* v. *Gilman*, 4 Wend. 414; *Holiman* v. *Carroll*, 27 Tex. 23.) Lucas and his sureties are liable on his official bond for his acts in making wrongful levy under the execution delivered to him for collection. (*People* v. *Schuyler*, 4 Comst. 173; *Charles* v. *Haskins*, 11 Iowa, 329; *Strunk* v. *Ocheltree*, id. 158; *State* v. *Farmer*, 21 Mo. 160.) The judgment recovered against the constable in the County Court is merely a liquidation of the damages sustained, and is not a bar to this action on his official bond. (*Charles* v. *Haskins*, 11 Iowa, 329; *People* v. *Spraker*, 18 Johns. 390.) The sureties cannot object that there was a want of compliance with the statute provisions. (*Skellinger* v. *Yendes*, 12 Wend. 306; *Dutton* v. *Kelsey*, 2 id. 615.) This action on the bond could be maintained. (*Sloan* v. *Case*, 10 Wend. 370; *Dutton* v. *Kelsey*, 2 id. 615; *Fellows* v. *Gilman*, 4 id. 414.) Any person to whom the constable has become liable, on account of an execution delivered to him for collection, is entitled to maintain a suit on his official bond. (*People* v. *Holmes*, 2 Wend. 281.) The payment over by the constable of the moneys collected on executions to the plaintiffs therein does not save a breach of the

contract, and does not free the sureties. (*Bayley* v. *Bates*, 8 Johns. 185 ; *Curtis* v. *Patterson*, 8 Cow. 67.) The relator's assignee of the judgment is entitled to maintain this action for his own benefit. (*Bowdoin* v. *Coleman*, 3 Abb. Pr. 431; *Mackey* v. *Mackey*, 43 Barb. 58; *Thomas* v. *Hubbell*, 35 N. Y. 120; *Robinson* v. *Weeks*, 6 How. Pr. 161; 5 Cow. 202; 2 Keyes, 260.)

ANDREWS, J. The bond upon which the action is brought was given by the defendant Lucas upon his appointment as constable of the town of Oyster Bay, and was executed by him and his co-defendants as his sureties, whereby they jointly and severally undertake to " pay to each and every person who may be entitled thereto, all such sums of money as the said constable may become liable to pay on account of any execution which shall be delivered to him for collection." The bond is the form formerly required to be given by constables ; first, by the Revised Laws (2 Rev. Laws, 126, § 1), and afterward by the Revised Statutes (1 Rev. Stat. 346, § 21). The Revised Statutes were amended by chapter 788, of the Laws of 1872, but the bond in question does not contain the additional conditions required by that act, and that act is immaterial to the present inquiry. The case shows that Lucas, having in his hands for collection, executions against the property of A., seized and sold thereon the property of B., and this action is brought by B.'s assignee against the constable and his sureties, upon the theory that this wrongful act of Lucas was a breach of the condition of the bond. The general question is whether the wrongful seizure and sale by a constable of the property of one person, on an execution against another, constitutes a breach of his official bond conditioned to pay " all such sums of money as the constable may become liable to pay on account of any execution which shall be delivered to him for collection." It is to be observed that the bond has a specific and limited purpose. It does not cover the whole range of the constable's official duties, nor is it an indemnity against all his possible official delinquencies. There are many official duties which a

constable may be called upon to discharge, affecting the rights of litigants, as for example, duties respecting the service of original process, or the execution of attachments, which by no possible construction can be covered by the condition of the bond.   The law designates a constable as the official agent for the collection of executions issued  out of justices' courts, and it at the same time gives to parties to the execution, who have been  injured  by his  misfeasance  or  non-feasance  in  respect thereto, a recourse, by exacting a bond from the constable, with  sureties,  to which  they may resort for indemnity.

The constable to whom  an  execution  is issued may neglect to levy or return it, or having  collected it, he  may neglect to pay over the money collected thereon, or  in  other ways  may violate the rights of  the plaintiff or  defendant in the process, and thereby subject himself to liability to the party aggrieved for damages.  Such a liability is, within the fair meaning of the bond, a liability on  account  of  the  execution  delivered  to him for collection.   (*Sloan* v. *Case*, 10 Wend. 371.)  Where, however, the constable commits  a  bare trespass upon the  property of a third person, not a party to the execution, although under color of  the process, the liability he  incurs to the person injured  is in no just sense on account of the execution.   The act done is neither commanded nor  justified  by the writ.   The fact that the constable acted under color of  process is wholly irrelevant to the question of his  liability.   True it may be that, if the execution had not been  issued, the trespass might not have been  committed, but the  liability  results  from  the  trespass, and the right of  the owner of the property converted to maintain an action, is wholly independent of the particular mode or occasion of the trespass.   The owner's action is not through or on account of the execution.   The execution is a mere circumstance attending  the  conversion.   The  liability of  the constable is not founded upon the execution, but upon the trespass of which it was the occasion and incident.  It is scarcely necessary to refer to the fact that two of the defendants are sureties, or to the rule that the liability of sureties is  not to be extended beyond the fair and reasonable import of their obligation.   To

hold that the condition of the bond in this case embraces the transaction in question, would we think do violence to the fair meaning of language, and impose upon sureties a liability which they could not reasonably have contemplated.

We have not overlooked the case of *People, ex rel. Kellogg,* v. *Schuyler* (4 Comst. 173), but we think the present case is distinguishable by reason of the special and limited language and purpose of the bond in this case, which by natural construction confines the liability of the obligors to a cause of action against the constable, based upon the execution, and springing from some official act or default as the foundation of the claim against him.

These views lead to a reversal of the judgment.

All concur.

Judgment reversed.