(24 Misc. Rep. 725.)

DE SISTO v. LOEWY.

(Supreme Court, Appellate Term.　October 5, 1898.)

1. EXECUTIONS—INDEMNIFICATION OF OFFICER—COUNSEL FEES — ACTIONS FOR DAMAGES.

A receipt for a sum of money deposited with a marshal, in lieu of a bond of indemnity, and "as security for damages" which he may sustain by reason of levying a certain execution, imports an agreement on the part of such officer to defend any action which may be brought against

him by reason of such act, and contemplates the payment of counsel fees incurred by him in defense of such action.

**2. SAME—DEPOSIT IN LIEU OF BOND.**
An officer with whom was deposited a sum of money in lieu of a bond of indemnity, and "as security for damages" which he might sustain by reason of levying a certain execution, was not entitled to reimbursement for counsel fees incurred by him in defending actions brought against him for the recovery of the fund so deposited, after the expiration of the time within which it should have been returned.

**8. SAME—ACTIONS AGAINST OFFICER—DUTY TO EXERCISE DILIGENCE.**
It is the duty of an officer holding a deposit of money, in lieu of a bond of indemnity, for his protection in levying an execution, to exercise diligence in defending any action brought against him in consequence thereof, and he should either bring it on for trial, or, should the situation justify it, secure its dismissal for want of prosecution.

Appeal from Second district court.

Action by Antonio De Sisto against Henry Loewy, as marshal of the city of New York. From a judgment in favor of defendant for $150, entered on the verdict of a jury, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Palmieri & Nock, for appellant.

Abraham B. Schleimer, for respondent.

GIEGERICH, J. The plaintiff, having recovered a judgment against one Guiseppe Fortunato in one of the district courts of the city of New York, placed the execution in the hands of the defendant, a city marshal, for collection. The latter, because of claims made by third parties, refused to make a levy upon certain clothing claimed to belong to Fortunato, unless indemnified. The plaintiff, being unable to furnish an indemnity bond, gave to the defendant an order upon the Bank for Savings for $250, for which the following receipt was given:

"De Sisto v. Fortunato.

"Received from Antonio, order for the sum·of $250.00 on the Bank for Savings. Said sum is to be held by me as security for damages which I may sustain by reason of a levy and execution on the clothing store No. 84½ Baxter street, N. Y. City, and to be returned within 20 days from date hereof, unless a suit is begun for said clothing within said time. ·
"Dated Nov. 10, 1896.     Henry Loewy, Marshal."

A levy upon the goods in question was then made, and a sale thereof had pursuant to said execution. Upon the expiration of the period of time above mentioned this action was brought to recover the sum so deposited. The answer sets up the pendency of an action brought against the defendant by reason of said acts, within the time specified; and a counterclaim for $150 for counsel fees, claimed to have been paid by the defendant in defending that suit, two others which had been brought against him concerning the same matter, and also for defending this action, and a previous one brought under the same agreement, but which was subsequently discontinued. The jury rendered a verdict in favor of the defendant for $150, "without prejudice to plaintiff to balance of money claimed by plaintiff," and the latter has appealed from the judgment entered thereon.

The jury having determined, upon a conflict of testimony, that the suits brought against the defendant above referred to were brought in due time, the question arises whether the paper writing in question is broad enough to embrace the counsel fees incurred in defending the same.    The sum deposited as aforesaid was in lieu of a bond generally given to indemnify the sheriff, or a constable, or marshal against damages from levy and sale under an execution, and the inference is therefore fairly deducible that the parties intended the rules governing bonds of such character to apply.    The said instrument fairly imports an agreement on the part of the defendant to defend any action which may be brought against him by reason of the acts referred to; and hence the payment of counsel fees therefor was within the reasonable contemplation of the parties.    Aside from these considerations, the language of the instrument in question is, in my opinion, broad enough to cover the counsel fees so incurred. It is similar to that employed in an undertaking given on the granting of a preliminary injunction, and it has frequently been held that the word "damage" included necessary counsel fees paid to secure the enacting of the same.    Edwards v. Bodine, 11 Paige, 223; Aldrich v. Reynolds, 1 Barb. Ch. 613; Andrews v. Wool Co., 50 N. Y. 282; Hovey v. Pencil Co., Id. 335; Disbrow v. Garcia, 52 N. Y. 654; Rose v. Post, 56 N. Y. 603.    The words "damages and costs," used in an undertaking to procure a warrant of attachment, were held in Northrup v. Garrett, 17 Hun, 497, to include counsel fees incurred in preparing for and trying the attachment suit.    In Corcoran v. Judson, 24 N. Y. 106, an injunction bond was given to indemnify the plaintiff for the expense and damage to which he might be subjected by a certain proposed contestation of an award made by the secretary of the treasury, and it was held that counsel fees incurred in the defense of a suit to restrain the payment of such award were recoverable.    A bond to indemnify and save harmless against all "actions, suits, costs, damages, and demands whatsoever" in consequence of certain acts was held in Trustees v. Galatian, 4 Cow. 340, to extend to the costs of defending a groundless suit for an act in which the obligee succeeded. The learned author of the American & English Encyclopedia of Law (volume 10, p. 419), concerning the measure of recovery in indemnity contracts, says: "As part of the damage, the obligee in an express obligation may generally recover any costs to which he has been put, even though the action in which they were incurred was groundless."    While it is apparent by reason and authority that the defendant is entitled to reimbursement for whatever reasonable counsel fees he may have incurred in defending suits brought in consequence of said levy and sale, the court erred in admitting evidence, over plaintiff's objection, with respect to the amounts paid by the defendant in defending the action now before us, and the previous action between the same parties, which was discontinued, involving the same question. Such charges plainly do not come within the purview of the agreement.    As the jury, in rendering their verdict, manifestly included this part of defendant's claim, the verdict is erroneous, and the judgment must therefore be reversed.

Although not necessary to the decision of this appeal, it may be useful to suggest to the counsel for defendant that he is mistaken in his theory that the defendant is not bound to do anything to bring the action now pending against him concerning the levy to an end. He must be diligent in his defense, and should either bring the action on for trial, or, whenever the situation justifies it, secure its dismissal for want of prosecution. It is manifest that this is a duty which he owes to the plaintiff here, springing out of the nature of the agreement under which the deposit in question was made. Were it not so, the plaintiff would be at the mercy of the defendant, and the time might never come when the former would be in a position to enforce his rights. In saying this I do not wish to be understood as intimating that the evidence before us, as far as it went, established such lack of diligence, but only that such a line of proof is pertinent to the question of defendant's liability.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

