(28 Misc. Rep. 389.)

BERRY v. SCHAAD et al.

(Supreme Court, Trial Term, Monroe County. June, 1899.)

LIABILITY ON CONSTABLE'S BOND.

> Sureties on a constable's bond, conditioned to pay damages caused by any act done by the principal "by virtue of his said office of constable," are not liable for the constable's act in levying on the property of a stranger to an execution.

Action by Edwin C. Berry against Henry J. Schaad and another. Judgment for plaintiff on a directed verdict, and defendants move for a new trial. Motion granted.

Bert E. Farnham, for plaintiff.
John Desmond and Abraham Benedict, for defendants.

DAVY, J. The bond upon which this action was brought was given by George B. Riddle as constable of the city of Rochester, and was executed by him and Henry J. Schaad and Patrick Keogh as his sureties, whereby they jointly and severally undertook to pay "each and every person who may be entitled thereto all such sums of money which the said George B. Riddle may become liable to pay on account of any execution or treasurer's warrant or other process which shall be delivered to him for collection, and to pay each and every person for all damages he may sustain from any act or thing done by the said George B. Riddle by virtue of his said office of constable." It appears that Riddle, having in his hands for collection an execution against the property of Frederick P. Russell, seized and sold thereon the property of this plaintiff, who thereafter, in an action in the supreme court, recovered a judgment against said Riddle for $240.72 damages and costs. An execution against the property of said Riddle was duly issued upon said judgment, which execution was returned wholly unsatisfied; and this action was brought by the plaintiff against the defendants, as sureties of said constable, to recover the damages which he had sustained for the wrongful taking and conversion of his personal property. After the evidence was all in, the court directed a verdict in favor of the plaintiff for the full amount of said judgment obtained against the constable. The defendants then moved for a new trial upon the minutes, under section 999 of the Code of Civil Procedure.

It is urged by the learned counsel for the defendants that the judgment against Riddle is not binding upon the defendants as to the amount of damages, and that they had a right to try that question over again in this action; that in no event can these defendants be made liable for the costs in the original action against Riddle as constable. I do not deem it necessary, upon this motion, to discuss these questions, for the reason that a new trial must be granted, but on an entirely different ground than that raised or discussed by counsel. It seems to me that the principal question in this case is whether the wrongful seizure and sale by Riddle, as constable, of the property of the plaintiff, on the execution against Russell, constitutes a breach of his official bond. The sureties are here sued upon an express contract, and their liability is confined to it, and it cannot be carried beyond its proper and fair meaning. The provision in the constable's bond binds the officer to the faithful execution of his office. Their liability, then, depends upon the question whether the conversion of the goods of the plaintiff under an execution against another party was an official act. If it was, they are liable; if not, they are not liable. The condition of the bond is that he shall well and faithfully execute the office of constable. By this contract the sureties guaranty the public against any neglect or breach of official duty. This is the extent of liability assumed by the sureties. There is no clause to cover an abuse or usurpation of power; no negative words that he will commit no wrong by color of his office, nor do any-

thing not authorized by law. In Ex parte Reed, 4 Hill, 572, the court says:

"To warrant a recovery on the words of the condition, it is incumbent on the relator to show his demand against the sheriff is for some default in a matter transacted by him by virtue of his office, or for the omission of some act which, as sheriff, it was his duty to perform."

It would be against common justice to prescribe the terms of the bond, and then, by construction, to extend its obligation beyond the fair intent and plain meaning of those terms. A man who holds the office of constable may do many things which will render himself personally liable, but for which his sureties are not responsible. The sureties do not bind themselves to protect the public against every act of the constable, nor do they become his sureties not to commit a trespass or an assault, or to keep the peace. It is a principle long and well established that official acts are those which are done by virtue of the office,—such as, if properly done, exculpate both the officer and his sureties from responsibility, but which, if neglected or improperly done, render both liable. If the authority is exceeded or the duty omitted, an action may be maintained against the officer in his official capacity, and his sureties held responsible for it. Unofficial acts are such as are committed under color of the office,—such as cannot lawfully be done and cannot be justified by the official character of the officer, or by any process in his hands. Seeley v. Birdsall, 15 Johns. 267; People v. Schuyler, 4 N. Y. 187. Where there is no authority given the constable to seize the property of a stranger to the execution, he is as much a trespasser as if he had no execution or were not an officer. He acts, not by virtue of his office, or under any authority conferred by it, but under color or pretense of the office; and it is of no consequence whether he seized the goods by mistake or design,—he is equally a trespasser. The question is not whether his intentions were good or bad, but whether his power under the execution was sufficient to authorize him to seize the property. If a constable seizes and sells the property of a person not named in the execution, it is not an official act done by authority of the writ or by virtue of his office. In such case the officer is guilty of a tort, for which he is liable as an individual to the party injured. Such an act is not a breach of the condition of his official bond, and does not make his sureties liable to the party whose property has been wrongfully taken. For such unauthorized act the sureties never assumed any responsibility. It was not done in the execution of his office, nor was it anything touching his office. To say otherwise would require that the condition of the bond be extended beyond the words and the plain meaning and clear intent of it. If he commits a wrong, not in the discharge of his official duty, he is personally liable, but his sureties cannot be held responsible therefor. It is not within the terms of their contract. It seems to me that the case of People v. Lucas, 93 N. Y. 585, is controlling in this case. It was held that a seizure and sale by a constable of the property of A. on an execution against B. does not constitute a breach of the condition of the official bond of the constable that he will pay to the person entitled thereto all

such sums of money as the said constable may become liable to pay on account of an execution which shall be delivered to him for collection. The court, by Andrews, J., says:

"Where, however, the constable commits a bare trespass upon the property of a third person, not a party to the execution, although under color of the process, the liability he incurs to the person injured is in no just sense on account of the execution. The act done is neither commanded nor justified by the writ."

The constable in this case was not authorized by the execution to take the plaintiff's property. In taking it, therefore, without authority, he committed a trespass, for which act the sureties are not liable. To hold otherwise would be contrary to the fair meaning and language of the bond, and would do great injustice to the sureties.

The motion for a new trial is granted, with $10 costs.