(31 Misc. Rep. 711.)

## DE SISTO v. STIMMEL.

(Supreme Court, Appellate Term. June 13, 1900.)

SURETIES ON BONDS—OFFICER'S AUTHORITY. TO RECEIVE MONEY DEPOSIT.

    Code Civ. Proc. §§ 1418, 1419, authorizing an officer to take a bond from a judgment creditor under certain circumstances, where property has been levied on, do not authorize a city marshal to accept a money deposit in lieu of a bond; and where he does so the sureties on his official bond are not liable for his embezzlement of the money, for the act is not in the line of his official duty, but simply makes him the agent of the judgment creditor.

Appeal from municipal court, borough of Manhattan.

Action by Antonio De Sisto against John Stimmel on an indemnity bond. From a judgment in favor of plaintiff, defendant appeals. Reversed.

See 61 N. Y. Supp. 57.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Wilder & Anderson (John Ewen, of counsel), for appellant.
John Palmieri, for respondent.

GIEGERICH, J. The action is against one of the sureties on a bond, bearing date the 24th day of June, 1895, reciting that one Henry Loewi was appointed a marshal of the city of New York, and conditioned that he "shall well and faithfully execute the office of marshal, without fraud, deceit, or oppression." The plaintiff deposited with the said marshal the sum of $250, as indemnity against any loss which the latter might sustain by reason of a levy made under a certain execution issued upon a judgment recovered by the former against one Guiseppe Fortunato in one of the district courts of the city of New York; said sum to be returned within 20 days if no action had then been commenced against the marshal by reason of such levy. The marshal failed to return the sum so deposited, and an action for its recovery was brought against him, which finally resulted in the rendition of a judgment in favor of the plaintiff. This not having been paid, this action, on leave duly obtained, was prosecuted to judgment for the plaintiff, and the defendant has appealed.

It is well settled that the sureties on the bond of public officers are not liable for any acts or defaults committed by the officer out

of the line of his official duties.  24 Am. & Eng. Enc. Law (1st Ed.) 879; People v. Hilton (C. C.) 36 Fed. 172; People v. Lucas, 93 N. Y. 585.  Did, then, the marshal, in receiving the deposit of money in question, act in his official capacity, or as the agent of the plaintiff?  Sections 1418 and 1419 of the Code of Civil Procedure, which by section 1711 of the consolidation act and by section 1488 of the Greater New York charter are made applicable to the municipal court of the city of New York, among other things provide that, where personal property levied upon is claimed by a person other than the judgment debtor, the officer may, in his discretion, impanel a jury to try the validity of the claim; that if, by their inquisition, the jurors find the property belongs to the claimant, they must determine its value, and that "thereupon the officer may relinquish the levy, unless the judgment creditor gives him an undertaking with at least two sufficient sureties, to the effect that the sureties will indemnify him to an amount therein specified, not less than twice the value of the property as determined by the jury, and two hundred and fifty dollars in addition thereto, against all damages, costs and expenses, in an action to be brought against him by any person, by the claimant, his assignee or other representative, by reason of the levy upon, detention, or sale of any of the property by virtue of the execution."  It is .conceded by the plaintiff that there is no provision of law by which money may be deposited with a city marshal as indemnity for making a levy under an execution; but he insists that, since such deposit is not prohibited by statute, the surety is liable if the principal fails to return the same.  A question involving the same principle, however, arose in People v. Hilton, supra, where the point was decided adversely to the contention of this respondent.  There a writ of replevin was placed in the hands of the sheriff, who, after taking possession of the property mentioned in the writ, demanded of the plaintiff the bond required by statute for the diligent prosecution of the suit, and payment of any judgment which the defendant might recover.  The plaintiff, being unable to furnish the bond, procured a friend to deposit with the sheriff a certain sum of money as a substitute for a bond, to which the latter assented, and stated that the money would answer every purpose, and that he would accept it in lieu of a bond. The sheriff subsequently embezzled the money, and an action was then brought against the sheriff and the sureties on his bond.  The condition of the sheriff's bond was:

"If said * * * shall well and faithfully in all things perform and execute the duties of the office of sheriff, * * * without fraud, deceit. or oppression, and shall pay over all moneys that shall or may come into his hands as such sheriff."

The statute provided that, before the sheriff shall deliver the property replevied to the plaintiff, "such plaintiff or some one in his behalf, shall execute a bond to such officer and his assigns," conditioned as in the act prescribed, and that, if the plaintiff failed to cause such bond to be executed and delivered to the officer within 24 hours after the appraisal of such property, the officer shall return the same to the person from whom he took it.  Brown, J., after citing these

statutory provisions, and adverting to the officer's authority to receive a deposit of money in lieu of a bond, said (page 174):

"This is the extent of the officer's power in the premises. However convenient it may be to receive a deposit of money in lieu of a bond, it is not a proceeding authorized by the statute or contemplated by law, and the sureties upon the official bond of the officer cannot be held for any dereliction of duty in connection with such deposit."

The learned judge then cites State v. Long, 30 N. C. 415; Schloss v. White, 16 Cal. 66; Cressey v. Gierman, 7 Minn. 398 (Gil. 316); and Brandt, Sur. §§ 481, 483, 484,—in support of these views. The reason for the rule laid down in these cases is obvious. The sureties upon an official bond merely bind themselves for such acts of their principal as relate to some default in transactions in which he acts by virtue of his office, or for the omission of some act which, as such public officer, it was his duty to perform. Ex parte Reed, 4 Hill, 572; Berry v. Schaad, 28 Misc. Rep. 389, 59 N. Y. Supp. 551. Hence, if the officer commit a wrong, not connected with the discharge of his official duty, he is personally liable, but his sureties cannot be held responsible therefor. The obligation of a surety upon such a bond, therefore, is strictissimi juris, and cannot be enlarged by implication. It cannot fairly be said that it was within the contemplation of the parties that the sureties should be liable for the unofficial acts of Loewi, their principal, and especially for moneys deposited in lieu of an indemnity bond. As above noted, there is no provision of law which authorizes the marshal to accept a deposit in the place of such bond. Marshals may, upon arresting a defendant, accept in lieu of bail the sum specified in the order of arrest. Consol. Act, § 1311. But the money so deposited "must, before the expiration of the next day thereafter, not being Sunday or a public holiday, be paid by the marshal into court, by paying the same directly to the chamberlain to the credit of the cause." Id. § 1312. These provisions clearly evince the legislative intention to restrict the right of the marshal to receive a deposit of money in lieu of the statutory bond or undertaking to the single case above specified, and even in that case the marshal is but a temporary custodian of the fund. Here the marshal, although acting under color of his office, had no power to receive the deposit, and hence in receiving it he merely acted as the agent of the plaintiff. Consequently the sureties are not liable for the marshal's failure to pay it over to the plaintiff.

The views above expressed are not, as might be claimed upon a hasty examination, at variance with those set forth in De Sisto v. Loewy, 24 Misc. Rep. 725, 53 N. Y. Supp. 807. The sureties upon the marshal's bond were not parties to that action, and consequently the question now under discussion could not have been passed upon. The interpretation given to the instrument delivered by the marshal to the plaintiff necessarily related only to the rights of the parties thereto, and all that was intended to be decided upon that appeal with reference thereto was that the marshal might interpose a counterclaim for counsel fees incurred in defending suits brought against him by reason of the levy made by virtue of the deposit received in lieu of an indemnity bond.

There were other points urged by the appellant, but in view of the conclusion above reached, that the marshal, in receiving the deposit in lieu of an indemnity bond, acted without the scope of his official duties, it will not be necessary to consider them. It therefore follows that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(31. Misc. Rep. 729.)