STATE ex rel. JAMES A. HAMILTON et al.,
Respondents, v. WILLIAM E. MAY et al., Appellants.

**St. Louis Court of Appeals.  Argued and Submitted October 7, 1913.
Opinion Filed November 4, 1913.**

1. **SHERIFFS AND CONSTABLES: Construction of Constable's
Bond: Principal and Surety.** A constable's bond should be
fairly construed, and not extended by implication; the liability
of sureties being *strictissimi juris*.

2. ————: **Liability on Constable's Bond: Negligence.** The act of
a constable, while executing a writ of replevin, in leaving an
outer door open for half an hour, resulting in an eight-months-
old child contracting pneumonia, and dying, was not a failure
to discharge his duties "according to law," but was at most
negligence, and hence a recovery for the death of the child
could not be had on the constable's bond, which was conditioned,
as required by Sec. 2758, R. S. 1909, "to discharge all the duties
of constable according to law."

Appeal from St. Louis City Circuit Court.—*Hon.
George H. Shields*, Judge.

REVERSED.

*McShane & Goodwin* for appellants.

The statutory action for damages for death caused
by wrongful act does not lie against the principal and
sureties on a constable's bond.  (a) The Death Damage
Act (Secs. 5425-26) does not create any new cause of
action.  It transmits the right to sue, which the de-
ceased would have had he lived.  Strode v. Transit
Co., 197 Mo. 616.  (b) If the deceased would have had
no claim nothing is transmitted.  Strode v. Transit Co.,
197 Mo. 616; Buel v. Railway, 248 Mo. 126.  (c) The
right of action thus transmitted is one in tort.  Glenn
v. Hill, 210 Mo. 291; Marcheck v. Klute, 133 Mo. App.
293; Hennessy v. Brewing Co., 145 Mo. 112; Duncan v.

St. Luke's Hospital, 113 N. Y. App. Div. 68. (d) A breach of a purely contractural duty resulting in death will not sustain an action under the statute. See Authorities under (c); Telegraph & Telephone Co. v. Solomon, 117 S. W. 214; Cocking v. Wade, 87 Md. 529.

*Martin T. Farrow* for respondent.

The statutory action for damages for death caused by "wrongful act, neglect, or default," lies against the principal and sureties on a constable's bond. (a) If the child had survived, it would have had an action upon the bond against defendants, for the tort. Secs. 1215, 1216, 1218, 2762, 2763, 7630, R. S. 1909; State to use v. Moore, 19 Mo. 369; State to use v. Muir, 20 Mo. 303; State ex rel. v. De Vitt, 107 Mo. 573; State ex rel. v. Dierker, 101 Mo. App. 636; State ex rel. v. Green, 124 Mo. App. 801; Greensburg v. People, 225 Ill. 174; Gomez v. Scanlan, 102 Pac. Cal, 12; Brown v. Weaver, 42 L. R. A., Miss. 423; Brown v. Wallis, 101 S. W., Ky. 1070; Murfee, Sheriffs (1 Ed.), secs. 925, 926; People v. Beach, 113 Pac., (Colo) 513; Towle v. Mathews, 130 Cal. 574; 25 Am. & Eng. Ency. Law, (2 Ed.), 678, 723; 35 Cyc. 1596, 1597, 1642, 1734, 1737; (b) Actions may be brought in form *ex contractu* for damages arising from torts: Sec. 5426, R. S. 1909; State ex rel. v. Horn, 94 Mo. 162; Glenn v. Hill, 210 Mo. 291; Canady v. Railways 134 Mo. App. 282; Graff v. Brewing Co., 145 Mo. App. 364; Railroad v. Byrne, 3 Ind. Terr., 740; Mfg. Co. v. Beckett, 167 Ind. 491; 1 Cyc, 706; 5 Ency. Pl. & Pr., 849; 15 Ib. 119; (c) Relators herein are really plaintiffs: Sec. 1218, R. S. 1909; State ex rel. v. Hudson, 226 Mo. 239; State ex rel. v. Green, 112 Mo. App. 108; 30 Cyc., 1636; 34 Cyc., 1038; State v. Newell, 13 Mont., 302. (d) An important part of common law conditions intended to be remedied by Sec. 5426 was that causes of action for death by wrongful act resulting from breach of contract did not survive: Gilkeson v. Railroad 222 Mo. 173; McLeland v. St. Louis Transit

Co., 105 Mo. App. 473, 1 Cyc., 45, 50; 8 Ency. Pl. & Pr., 858, note 1; Graham and wife v. Railroad 28 Fed., 744; Therefore, every part of said section, including Secs. 1215, 1216, 2762, 2763 and 7630, involved herein, must be construed together and given effect, if possible: Secs. 2783, 8057, R. S. 1909; Gansey v. Orr. 173 Mo. 532; Marcheck v. Klute, 133 Mo. App. 280; Pulitzer Pub. Co. v. McNichols, 153 S. W. 562. (e) The right the child would have had, had it lived, to sue upon the bond, was upon its death transmitted to relators, who may themselves sue thereon: Secs. 1215, 1216, 1218, 2762, 2763, 5425 and 5426, R. S. 1909; Johnson et al. v. Williams' Admr., 111 Ky., 289; Comm. v. Hurt et al,. 23 Ky. L. Rep., 1171; Growbarger v. U. S. Fid. & Guar. Co., 31 Ky. L. Rep., 555; Martin et al. v. Smith et al., 136 Ky. 804; Hendrix v. Walton, 69 Tex. 192; Thomas v. Kinkead, 55 Ark. 502; Asher v. Cabell et al., 50 Fed. 818; State ex rel. Tyler v. Gobin et al., 94 Fed., 48; Hixon v. Cupp, 5 Okla. 545; Moore et al., v. Lindsay et al. 31 Tex. Civ. App., 613; Black et al., v. Moore et al., 35 Tex. Civ. App. 613; S. W. Telegraph & Telephone Co. v. Solomon, 54 Tex. Civ. App. 306; State ex rel. v. Mankin, 68 W. Va. 772; Appeal of Jenkins, 25 Ind. App. 532; Sherlag v. Kelley, 200 Mass. 8.

REYNOLDS, P. J.—This is an action on the official bond of a constable for wrongful death of a child of relators. It comes before our court upon the record proper which discloses these facts:

Appellant May was the duly elected constable of the justice's court within and for the fifth district of St. Louis. He gave bond in the statutory form in the sum of $5000, conditioned that May "will execute all process to him directed and delivered, and pay over all money received by him by virtue of his office, and in every respect discharge all the duties of constable according to law." Appellants Henry and Stocker signed and executed this bond as sureties.

About January 26, 1910, in a cause duly and properly pending before the justice, a writ of replevin and summons was issued and delivered to defendant May as constable for service. This writ was in the usual form and commanded the appellant May, as constable, to take from the possession of James A. and Clara Hamilton, husband and wife, and respondents here, certain personal property therein described and deliver it to the plaintiff named in the cause pending before the justice.

Upon receiving the writ and summons, May, acting as constable, turned it over to his deputy with directions to execute it. The deputy proceeded to the home of the Hamiltons, where the property mentioned was located, and executed the process. But just before actually removing the property therefrom, in the language of the petition, "and as a means to, and in furtherance of, the execution and service of said writ and summons," the deputy, with gross negligence and in total disregard of his duty, opened an outer door of the building where the property was located and let it remain open for a half hour before actually removing the property called for in the writ; and it is charged that by reason of so leaving the door open, James Elmer Hamilton, an eight-months-old infant son of the relators, then in the building, contracted pneumonia, from which he thereafter died.

Appellants Henry and Stocker took no part in and had nothing whatever to do with any act causing or contributing to the death of the child in question; nor had May, personally, the writ and summons having been executed by his deputy.

It is charged in the amended petition that relators were compelled to expend the sum of $100 for medicines and doctor's bills, and likewise the sum of $100 for funeral and burial expenses as the result of the exposure of their son as above. Relators further claim they suffered a loss of services of the child in the

amount of $2300 in consequence of its death. Then follows a prayer for judgment for actual damages in the sum of $2500, and for punitive damages in the sum of $2500.

In the trial court, which was to a jury, a verdict went in favor of the State of Missouri against all defendants for the penalty of the bond, that is, $5000, and actual damages assessed at $300, in favor of relators, judgment following accordingly. No punitive damages were awarded, the jury refusing to assess any. From the judgment all defendants prosecute this appeal.

Standing upon the record proper, it is argued by counsel that the statutory action for damages for death caused by wrongful act does not lie against the principal and sureties on a constable's bond; that the Death Damage Act (sections 5425, 5426, Revised Statutes 1909) does not create any new cause of action but transmits the right to sue which the deceased would have had had he lived and that if the deceased would have had no cleam nothing is transmitted. Both these propositions, it is claimed, find support in the decisions of our Supreme Court in Strode v. St. Louis Transit Co., 197 Mo. 616, 95 S. W. 851, and Buel and Wife v. United Rys. Co., 248 Mo. 126, 154 S. W. 71.

It is further argued that the right of action thus transmitted is only in tort and not in contract. This proposition, it is claimed, is sustained by the decisions of our Supreme Court in Hennessy v. Bavarian Brewing Co., 145 Mo. 104, l. c. 113, 46 S. W. 966, and Glenn v. Hill, 210 Mo. 291, 109 S. W. 27.

We do not consider it necessary to take up either of these questions. The questions here to be determined is whether the act complained of is within the conditions of this bond. If not, it is unimportant to determine whether the cause of action pleaded survives so as to be enforced against the sureties.

177 Mo. App. 46

It is an action in the name of the State, as required by statute, and is at the relation of the father and mother and to their use. It is on the bond and to determine the liability of the principal and sureties on the bond, we must look to the condition of the bond, for the bond is the contract into which the makers entered. The obligation is to be found in the bond itself, and as there expressed, the bond to be fairly construed and not to be extended by implication. The liability of sureties is said to be *strictissimi juris*. These rules are elementary, but see City of St. Louis v. Sickles, 52 Mo. 122, l. c. 127; State ex rel. Chase v. Davis, 88 Mo. 585; 35 Cyc., par. C, p. 1900; 25 Am. & Eng. Ency. of Law (2 Ed.), par IX, p. 723. The conditions of the bond are the statutory conditions. [Revised Statutes 1909, sec. 2758.] To repeat them, the constable is to execute all process to him directed and delivered and pay over all money received by him by virtue of his office. He has breached none of these. He is, "in every respect, to discharge all the duties of constable according to law." Unless the act complained of falls within this, it is not within the bond. Can it be said here that the officer did not proceed "according to law," in executing the process? We do not think so. It can hardly be said that his act in leaving a door open while executing process, was contrary to law. It may have been carelessness and negligence, but hardly contrary to law. It is not charged that the act done was unlawful—what is charged is that it was one of gross negligence and done in total disregard of the duty of the officer. Even granting the act was grossly negligent, it is impossible to hold it was done contrary to law, or that in so doing the officer can be said not to have discharged the duties of the office "according to law."

We find no case and are referred to none which goes to the extent of holding the officer and his sureties liable on the bond for such an act. Cases nearest

in point which we have been referred to, are to the contrary.

In Commonwealth v. Sommers, 66 Ky. (3 Bush) 555, it is held that a bond of a constable, conditioned substantially as here, binds his surety only for the faithful performance of such official duties as the constable was required or permitted by law to discharge. In line with this, see People ex rel. v. Lucas et al., 93 N. Y. 585.

An instructive case is that of The State of Maryland, to the use of Cocking et al. v. Wade et al., 87 Md. 529. That was an action against the sheriff and his sureties on his bond to recover damages for his alleged negligence in the performance of his duty, whereby the father of the relators lost his life, the father at the time in jail and in the custody of the sheriff and taken out and killed by a mob. Said the court (l. c. 541), referring to the performance of duty by the sheriff: "If he does this honestly, with a full purpose to perform his whole duty, even though he makes a mistake, whereby a prisoner is injured, it would be monstrous to hold him civilly responsible for damages to such prisoners," citing Kendall v. Stokes, 3 How. (U. S.) 87, at page 98. Still further on and in the same case, it is said (l. c. 544): "The liability of the sureties is that of an express contract, that the sheriff shall 'well and truly execute the office of sheriff and in all things thereto appertaining, and should well and truly perform all the duties required by law to be by him performed.' This provision, it seems now to be well settled, 'binds the officer affirmatively to the faithful execution of his office. There is no clause to cover an abuse or usurpation of power—no negative words that he will commit no wrong by color of his office, nor do anything not authorized by law.' " [See also State, use of Vanderworker v. Brown, 54 Md. 318, l. c. 326, and cases there cited; also Kendall v. Stokes, supra.]

On the ground that the act here complained of does not fall within the condition of the bond, we hold that relators cannot recover.

The judgment of the circuit court is reversed. *Nortoni* and *Allen, JJ.*, concur.

