THE BOARD OF EDUCATION FOR THE CITY OF AUBURN, Respondent, *v.* HENRY V. QUICK et al., Appellants.

Bonds given by a public officer for the faithful performance of his duties, intend to and include all such duties as may be added to the office, or imposed upon the officer as such.

Prior to 1871 the treasurer and tax receiver of the city of A. received the school moneys in common with other funds of the city, and paid them out on warrant of the city officers. By a statute of that year (§ 19, chap. 93, Laws of 1871) all moneys levied and raised for the support of the public schools of that city, together with the public moneys received from the State, or from other sources belonging to the school fund, are required to be paid to the city treasurer and tax receiver in trust, to be by him kept separate and distinct from other moneys, and to be paid out on orders signed by the president and secretary of the board of education; and the treasurer and tax receiver, and the sureties on his official bond are declared to be liable for any default, delinquency or misconduct in relation to such trust, and in that event it is made the duty of the board of education to commence suit against the officer and his sureties to recover sums diverted to other purposes. In an action upon the official bond of a treasurer and tax receiver, conditioned for the due performance of the duties of his office, for an alleged misappropriation of moneys belonging to the school fund, — *Held,* that the bond extended to and protected the school fund, and the sureties thereon were liable for the misappropriation ; and that, although the city was named as the obligee in the bond, the action was properly brought by and in the name of the board of education.

(Argued April 16, 1885 ; decided May 5, 1885.)

Appeal from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made May 13, 1884, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought upon the official bond given by defendant, Henry V. Quick, in 1873, as treasurer and tax receiver of the city of Auburn, to recover for an alleged misappropriation of public school moneys.

The referee found the misappropriation alleged. The bond was conditioned that said Quick " should well and faithfully perform and discharge the duties of said office of treasurer and tax receiver in manner prescribed by law."

*F. D. Wright* for appellants. The bond in suit is conditioned that the principal shall well and faithfully perform and discharge the duties of said office of treasurer and tax receiver in the manner prescribed by law ; if those official duties are per-

formed, then the sureties, as the principals, are absolved from responsibility. (*Ludlow* v. *Simmons*, 2 Caines' Cas. 1; *Robins* v. *Bingham*, 4 Johns. 476; *Walsh* v. *Bailie*, 10 id. 180; *Penoyer* v. *Watson*, 16 id. 100; *Supervisors* v. *Dorn*, 2 Denio, 268; *Ward* v. *Slater*, 81 N. Y. 406; *Nat. Mech. Bk. Asso'n* v. *Conkling*, 24 Hun, 496; *Bissell* v. *Saxton*, 77 N. Y. 191; *Jennery* v. *Olmstead*, 90 id. 363.) The sureties cannot be held to be liable on the official bond of the treasurer and tax receiver given solely for the discharge of the duties of that office, and not assuming to cover the duties imposed upon him as trustee. (Laws of 1869, chap. 273, vol. 1; Laws of 1869, chap. 273, § 78; Laws of 1871, chap. 93, p. 201, vol. 1; Laws of 1871, § 19, p. 207, vol. 1; Laws of 1850, chap. 349, p. 756, § 18.) The fact that certain items were entered on Quick's books as belonging to the school fund, if they did, is of no consequence. (*Bissell* v. *Saxton*, 66 N. Y. 55; *Webb* v. *James*, 7 M. & W. 279; *Auditor* v. *Dryden*, 3 Leigh, 703.) Plaintiff is a corporation only to a qualified extent. (*People* v. *Lathrop*, 19 How. Pr. 366.) It is a body corporate in relation to the powers and duties conferred upon it by this act. (Act of 1871, vol. 1, p. 203, § 7; *Sportsman's Club* v. *Miller*, 7 Lans. 412.) From the different language used in the various sections it is apparent that the omission to give a right of action in the name of the board of education was intentional. (2 Dwarris on Stat. 707; *Edrick's Case*, 5 Coke, fol. 118, p. 240; *Moses* v. *Newman*, 6 Bing. 560; *Bucks* v. *Stafford*, 31 Me. 36; *Caster* v. *Mayor, etc.*, 43 N. Y. 417; *People* v. *Kilbourn*, 68 id. 482.) The real party in interest is the city of Auburn, and so the case does not come within section 111. (*Greene* v. *Niagara F. Ins. Co.*, 6 Hun, 131; *Williams* v. *Brown*, 2 Keyes, 486; *Allen* v. *Brown*, 44 N. Y. 228; *Fulton* v. *Fulton*, 48 Barb. 581.) The only party in interest must be the obligee named in the bond. (*Hoagland* v. *Hudson*, 8 How. Pr. 343; *Bos* v. *Seaman*, 2 Code Rep. 1.)

*Richard C. Steel* for respondent. Plaintiff is a corporation created by statute, and endowed with capacity to sue and be

sued. (Laws of 1871, chap. 93, §§ 7, 19.) The defendants are liable on the bond sued on for any wrongful diversion, etc., of the school fund by their principal. (*People* v. *Vilas*, 36 N. Y. 469; *Ring* v. *Gibbs*, 26 Wend. 502; 2 R. S. [Edm. ed.] 576, § 33.) Plaintiff is a person expressly authorized by statute to sue. (*Pearce* v. *Hitchcock*, 2 N. Y. 390; *Arnold* v. *Talmadge*, 19 Wend. 527; *Sutherland* v. *Carr*, 85 N. Y. 105; *Baggot* v. *Bouler*, 2 Duer, 160; *Village of Warren* v. *Phillips*, 30 Barb. 651; *Mut. Ins. Co.* v. *Eaton*, 11 N. Y. Leg. Obs. 140.) The official books, accounts and daily entries of cash received and paid required by statute were proper evidence. (§§ 73–74 of chap. 273 of Laws of 1869; 1 Greenl. on Ev., § 187; *Supervisors* v. *Clark*, 25 Hun, 290; *Bissell* v. *Saxton*, 66 N. Y. 55.) Defendant's answer, as far as the sureties are concerned, raises no issue except whether plaintiff is a corporation. (*Swinburne* v. *Stockwell*, 58 How. Pr. 312.)

Finch, J. We have no doubt that the official bond of the treasurer and tax receiver extended to and protected the school fund here sought to be recovered. That bond is in the ordinary form and conditioned for the due performance of the duties of the office. It is the settled rule as to such obligations that they extend to all such duties as may at any time be added to the office, or imposed upon the officer; and these are held to be within the contemplation and the liability of the obligors. (*People* v. *Vilas*, 36 N. Y. 469.) By a special enactment (Laws of 1871, chap. 93, § 19) relating to the public schools of the city of Auburn, all moneys levied and raised for their support, together with the public money received from the State, and all received from other sources belonging to the school fund were required to be paid to the city treasurer and tax receiver in trust to be by him kept separate and distinct from other moneys; to be known and distinguished as the public school fund; and to be paid out on orders signed by the president and secretary of the board of education. The act further provided that such treasurer and tax receiver and his sureties should be liable on their official bonds for any default, delin-

quency, neglect or misconduct in relation to such trust, and in that event it was made the duty of the board of education to commence suit, in the Supreme Court, against such treasurer and tax receiver and his sureties for the recovery of sums diverted to other purposes.

The criticism of the learned counsel for the appellant upon this enactment is founded upon the words " in trust " used to characterize the custody of the separate and distinct moneys constituting the school fund; and his contention is that such moneys were held by the treasurer not in his official capacity, but as a trustee for the board of education. The provision bringing these funds within the protection of his official bond, and making the obligors liable therefor conclusively dispels any such idea. There is no especial force in the words " in trust " to justify such construction. In his official capacity the treasurer held all the public moneys in trust whether any statute so specifically declared or not. His custody of the public moneys was a public trust, and they were none the less for that reason held by him in his official capacity. The trust was attached to the office; the school fund came to him as the officer; it passed to his successor in the office; his title to receive it depended upon his office; and his official bond was expressly made to cover it. There is no warrant in the existing facts for treating him as to the school fund as the unofficial and private trustee of the board of education. The duties added by the act were in every sense official, because not different from the ordinary and usual duties of the office. Before 1871 the treasurer received the school moneys in common with the other funds of the city and paid them out upon the warrant of the city officers. They were mingled with the other municipal funds, the title to which was in the city, and for their safety the treasurer was officially liable. The change made in 1871 in no manner essentially altered the duty of the officer to receive and keep safely the school moneys. He received them as before, and was bound to keep them as before. The change effected was to require him to keep them separate, and answer for them to one department of the city government instead of to the municipality. In this

his official character and duties were not essentially altered. To treat him as a mere unofficial trustee would do violence to the facts, and to the obvious scope of the enactment.

It is further contended that the action could not be successfully maintained by the board of education because the city of Auburn was alone named as the obligee. The authority given to the board to sue the officer for a defalcation, it is said, does not prescribe that the corporate educational department shall sue in its own name. If the authority does not mean that it was superfluous. The city of Auburn as obligee in the bond could of course maintain an action upon it, and, if the meaning of the law was that the board should gain the protection of the bond through a suit commenced by the city in its own name, the express provision that the board should commence an action is meaningless. In that event, the natural provision would have been a requirement that the city should sue upon the request of the board of education, and pay over to that board the amount recovered. But the change effected by the act of 1871 made such a remedy, if not impracticable, at least inappropriate and an idle formality. The municipality as such ceased to have any legal interest in the school fund, and the ownership was vested in the incorporated department of education. That became the real party in interest, and so far as the bond covered and protected the school fund, the city held the obligation as trustee for the board of education. For its violation the real party in interest should sue, the old rule requiring that a bond must be sued in the name of the obligee having been abrogated (*Sutherland* v. *Carr*, 85 N. Y. 105); and to make both the right and the duty plain, and fit the remedy to the changed condition of affairs, the act of 1871 directed that the board of education should commence suit upon the bond. This plainly contemplated that the board, as the real party in interest, should be the party plaintiff, and sue in its corporate capacity, so far as by the statute the bond was held for its benefit. Any narrower or more technical construction would thwart the evident purpose of the provision.

The further argument on the appeal arises upon the facts.

We have examined them with sufficient care to be satisfied that the conclusions of the learned referee were sustained by the evidence. They arise mainly over the defense interposed, and respect the proper entries in the accounts. We are satisfied that they do not justify the contention that the sureties were held liable for a defalcation lying back of the execution of their bond, or for moneys not properly belonging to the school fund. The plaintiff showed the amount of school money which went into the treasurer's hands after the execution and approval of the bond, and the amount paid out during the same period, by evidence quite decisive in its nature. The excess of cash received after crediting all that was paid over to the successor amounted fully to the balance found due by the referee. The answer attempted was in substance that during three previous years of the treasurer's official action he had largely advanced money to the school fund for which it was indebted to him, and which amount he retained as a reimbursement during his last year. To establish this fact he produced an account, running back to the beginning, which indicated that result. The plaintiff, however, assailed that account, and showed that large sums were received which should have gone to its credit, but which were omitted. These consisted mainly of moneys due to the school fund from the city fund to replace sums previously borrowed from the former. In his account with the city he had credit for them as paid over to the school fund, but in his account with that he omitted to charge them as received. He claims that they did not belong to the school fund, and traces them to their origin. From what sources they came to the hands of the city is immaterial. It was the city's money, paid to cancel the city's debt, and restore the diverted school fund. In the hands of the treasurer, after such payment, it became the school money, which he received as such, and for which he was accountable. If he had advanced any money for the educational department belonging to himself, which does not satisfactorily appear, the sums referred to fully reimbursed him before the bond sued upon was executed. We think the

finding of the referee adverse to this defense had sufficient evidence to support it.

The judgment should be affirmed, with costs.

All concur, except DANFORTH, J., taking no part.

Judgment affirmed.