(5 Misc. Rep. 528.)

### FREELAND v. AKERS et. al.

(Superior Court of Buffalo, General Term. November 14, 1893.)

CONSTABLES—APPOINTEES OF MUNICIPAL COURT—ACTION ON BOND.

An action may be maintained on an ordinary constable's bond, given under 2 Rev. St. (8th Ed.) p. 890, § 21, though the constable had been appointed by a municipal court to serve in it, and his duties had thereby been enlarged; the act for which he is sought to be charged being for failure of duty in serving an execution issued by the municipal court, a duty the same in character as though the execution had issued from a justice's court.

Appeal from municipal court.

Action by Robert Freeland against Charles W. Akers and John E. Robie on a constable's bond. Judgment was rendered in favor of plaintiff, and defendant Robie appeals. Affirmed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

Thomas Cary Welch, for appellant.
Wallace Thayer, for appellee.

HATCH, J. For the most part the questions raised by this appeal have been disposed of adversely to the defendant in Levin v. Robie, 25 N. Y. Supp. 982, (decided at this term.) The bond here sued upon is given under the Revised Statutes, (2 Rev. St. [8th Ed.] p. 890,) and is the ordinary constable's bond. No point is made but that Akers was constable, appointed for the Fourth ward of the city, and by the judges of the municipal court for service as constable in that court. It has already been noticed, in the Levin Case, that the appointment by the judges to perform duties in the municipal court did not change his status as constable of the Fourth ward. Neither did the acts which he was called upon to do by the municipal court differ in kind from those ordinarily required of a constable. In People v. Vilas, 36 N. Y. 464, Judge Grover wrote: "A legislative alteration of the duties of an officer do not discharge his sureties, so long as the duties remain appropriate to the office." Among the reasons assigned for this conclusion was that the legislature had power at any and all times to change the duties of officers. The existence of this power is presumed to be known to the officer and the sureties in the bond as though the power was incorporated therein.

Later cases support the doctrine of this case. Board of Education v. Quick, 99 N. Y. 141, 1 N. E. Rep. 533. The duty imposed upon the constable in the present instance was precisely such in character as he would have been called upon to perform had the execution issued upon the judgment proceeded from a justice's court. As the bond covers such act, it matters nothing that in other respects the constable's duties were substantially changed and enlarged, for the surety is not sought to be charged for such acts, but only for an act contemplated and within the terms and scope of the bond. Board of Sup'rs v. Clark, 92 N. Y. 395. No other points are raised than such as were disposed of in the Levin Case. The judgment appealed from affirmed, with costs. All concur.