(39 Misc. Rep. 316.)

### FOHS v. RAIN et al.

(Supreme Court, Appellate Term. November, 1902.)

1. MARSHAL—LIABILITY ON BOND.
     The bond of a marshal of the former city of Brooklyn for the faithful discharge of the duties of the office is breached by the attachment and sale of one person's property under a process running against another.

2. SAME—LEAVE TO PROSECUTE.
     Laws 1897, c. 378, § 1428, provides that application for leave to prosecute a marshal's bond may be made to a justice of the supreme court in the department of the borough for which such marshal has been appointed, and such justice may order the bond prosecuted in the municipal

court or a city court of New York, if such borough be within New York county, or, if not, in the county court of the county in which the marshal resides. ·Held, that the bond of a marshal of the former city of Brooklyn may be prosecuted in the municipal court of the city of New York, where the marshal had been continued in office by the charter of New York.

**8. SAME—BREACH.**
　　Validity of a bond given by a marshal of the city of Brooklyn, whose office was continued by Greater New York charter, is not impaired by the fact that it was given before January 1, 1898, when the charter of the city of New York took effect, where the breach thereunder arose after such date.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Benjamin Fohs against Alexander Rain and the American Surety Company. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and BLANCHARD, JJ.

Henry C. Willcox, for appellants.
Uriah W. Tompkins, for respondent.

FREEDMAN, P. J. This action was brought on the 2d day of November, 1900, and prayed judgment against the American Surety Company, of New York, as surety upon a certain bond, dated July 15, 1897, executed unto the city of Brooklyn, and conditioned for the faithful performance of his duties by the defendant Alexander Rain, theretofore, pursuant to the provisions of chapter 1000 of the Laws of 1896, appointed a city marshal of said city of Brooklyn by a justice of the peace of that city. Said bond was filed in the office of the clerk of the county of Kings. Briefly, the complaint alleges that on January 25, 1898, an action was commenced in the municipal court of the city of New York, borough of Brooklyn, First district, in which a warrant of attachment was issued by the Honorable Jacob Neu, a justice of said court, against the property of John W. Smith, defendant in that action; that such warrant of attachment was delivered to Alexander Rain, one of the defendants herein, who thereupon levied the same upon certain merchandise belonging to Benjamin Fohs, the plaintiff in this action, and wrongfully took possession thereof, and sold the same, and applied the proceeds thereof to the payment of the judgment thereafter obtained in the action against Smith; that judgment has been obtained by the plaintiff, Fohs, against the said Alexander Rain for damages sustained by reason of said unlawful taking, and that thereon executions have been issued against said Alexander Rain, and have been returned unsatisfied; that application was made to Hon. William D. Dickey, one of the justices of the supreme court in the Second judicial department, sitting at chambers in the county of Kings on the 28th day of February, 1900, and that an order was on that day made by said justice granting leave to the plaintiff to prosecute in the municipal court of the city of New York the bond of the marshal described in the complaint.

The appeal urges several grounds for the reversal of the judgment, but only three of those grounds are of consequence. The first is as

to the construction of section 1428 of the Greater New York charter, which reads as follows:

"Application for leave to prosecute the same [a marshal's bond] shall be made to a justice of the supreme court at chambers in the judicial department wherein the borough for which said marshal shall have been appointed is situated, * * * and such justice may order such bond to be prosecuted in the municipal court of the city of New York or in the city court of the city of New York if such borough be within the county of New York or the county court of the county wherein such borough lies, if in any other county."

The construction sought to be put by the appellants upon this section is this: That the municipal court of the city of New York is not given jurisdiction of actions upon all bonds of marshals of the city of New York, but only such bonds given in the two boroughs (Manhattan and the Bronx) which "lie within the county of New York"; that, where marshals are appointed within the other boroughs of the city of New York, leave to prosecute their bonds can be granted only by a "justice of the supreme court at chambers in the judicial department wherein the borough for which such marshal shall have been appointed is situated"; that such bond must be prosecuted "in the county court of the county wherein such borough lies"; and that, the bond in the case at bar having been given for Rain as a marshal appointed for the borough of Brooklyn, and that borough lying in Kings county, the only court in which the plaintiff could be granted leave to sue was the county court of the county of Kings. This construction of said section is wrong. The section should be construed as reading that "such justice may order any such bond to be prosecuted in the municipal court of the city of New York," or that such bond may be ordered prosecuted in "the city court of the city of New York if such borough be within the county of New York," or that such bond may be prosecuted in "the county court of the county wherein such borough lies if in any other county." The construction claimed by the appellants for the section would limit the prosecution of a marshal's bond in the borough of Brooklyn to the county court of Kings county. It cannot be that the intent of the legislature was to allow such bonds to be prosecuted in the municipal courts of the boroughs of Manhattan and the Bronx, and prohibit their being brought in such courts in the borough of Brooklyn. Such construction is unreasonable. Under the proper construction of said section, the order permitting the plaintiff herein to sue was properly granted, the city of New York now embracing the borough of Brooklyn, where said marshal was appointed, and where such application was made.

The next point is based upon the case of In re Schultes, 33 App. Div. 525, 54 N. Y. Supp. 34, in which it was held that the Greater New York charter created a new court, with distinct powers and jurisdiction, etc., and he argues, therefore, that the bond of the marshal in this case having been given July 15, 1897, and the cause of action having arisen thereunder January 26, 1898, and the city of Brooklyn, on January 1, 1898, having ceased to exist, and the office of justice of the peace therein, by whom the marshal in the case at bar was appointed, having been abolished, and the office of city marshal of the city of Brooklyn having been likewise abolished and succeeded by the office

of city marshals of the city of New York, the bonds given by these latter officers being given unto the city of New York, and not unto the city of Brooklyn, therefore the obligation of the surety upon the bond is changed, and the surety released. The charter of Greater New York provided that the marshals of the city of Brooklyn should continue to hold such office and perform the duties thereof until a date specified (which was beyond the time the cause of action herein accrued). It is true that this appellate term followed the decision in Re Schultes in several cases, as being the determination of a higher appellate tribunal, beginning with the case of Tyroler v. Gummersbach, 28 Misc. Rep. 151, 59 N. Y. Supp. 319; but they did so with great reluctance, and finally the said determination was overruled by the decision of the court of appeals in the case of Worthington v. Accident Co., 164 N. Y. 81, 58 N. E. 102. This decision effectually disposes of the appellants' position based upon In re Schultes, supra.

Rain, one of the defendants herein, was appointed a marshal of the city of Brooklyn on July 15, 1897, for a period of four years. At the time of the consolidation of the city of Brooklyn with the city of New York, he continued as marshal, but under a different name, but no change in his duties or obligations which devolved upon him were made. The defendant the surety company cannot, therefore, avail itself of the defense that it discharged its bond by reason of a change of title of office of its principal, nor by reason of executing process out of a municipal instead of a district court. Board v. Quick, 99 N. Y. 138, 1 N. E. 533; Levin v. Robie, 5 Misc. Rep. 529, 25 N. Y. Supp. 982; Freeland v. Akers, 5 Misc. Rep. 528, 25 N. Y. Supp. 986. Furthermore, the defendant the surety company, in January, 1898, and before the cause of action herein accrued, received from the defendant Rain the annual premium upon the surety bond, thereby showing its intention to continue its suretyship.

The remaining point to be considered is whether the plaintiff has a cause of action against the defendant the American Surety Company. The allegations in the complaint are simply these: A warrant of attachment was issued out of the municipal court against the property of John W. Smith. The same was delivered to Rain, the marshal, who, in violation of his duty, levied on property belonging to the plaintiff, Fohs. This presents a more serious question, and the decisions relating thereto would seem not to be entirely uniform. It will be seen, however, that most, if not all, turn upon the language used in the bonds under consideration in each case. The bond in the case at bar reads as follows:

"That the above-bounden Alexander Rain shall faithfully discharge the duties of his said office as city marshal, and shall promptly account for and pay over all moneys and property received by him as such officer, in accordance with law, or, in default thereof, the parties executing this indemnity will pay all damages, costs, and expenses resulting from such default, not exceeding the said sum of $5,000, then this obligation shall be void; otherwise to remain in full force," etc.

The court of common pleas, in the case of Hauger v. Bernstein, 7 Daly, 343, where the condition of the bond was that the marshal should "well and faithfully execute the duties of said office of marshal

without fraud, oppression, or deceit," held the sureties liable where the marshal, by virtue of an attachment against the property of another person, seized that of the plaintiff. To the same effect is the case of City of New York v. Ryan, 7 Daly, 436. In the case of People v. Schuyler, 4 N. Y. 173, the bond of a sheriff was given "for the faithful performance of the duties of his office," and it was held that the sheriff, who, having in his hands a process against the property of the defendant therein, seizes, by virtue thereof, the goods of another person, is liable for official misconduct, and his sureties become liable upon his official bond. In the case of People v. Lucas, 93 N. Y. 585, it was said in an action against a constable and his sureties that: "Where, however, the constable commits a bare trespass upon the property of a third person, not a party to the execution, although under color of his process, the liability he incurs to the person injured is in no just sense on account of the execution;" but in that case the condition of the bond was that the constable should pay to the person entitled thereto "such sums of money as said constable may become liable to pay on account of any execution which shall be delivered to him for collection," and the wrongful seizure and sale by the constable of the property of A. on an execution against B. was held not to be such a breach of the bond as to render the sureties liable. Whatever inference can be drawn from the words used in the opinion as above quoted, it is clear that they were obiter dictum, and later on the judge writing such opinion distinguishes that case from People v. Schuyler, supra, "by reason of the special and limited language of the bond." The case of People v. Lucas was followed in Berry v. Schaad, 28 Misc. Rep. 389, 59 N. Y. Supp. 551, and it was there held that no authority is given to a constable to seize property of a stranger to the execution; that he was a trespasser, etc.; that his acts were not by virtue of his office, or under authority conferred by it, and that it was not in breach of his official bond; but upon appeal (50 App. Div. 132, 63 N. Y. Supp. 349) the court said: "The seizure and sale by the constable of plaintiff's property on an execution, although it was in excess of his authority, and consequently a trespass, were by virtue of his office, and were acts for which his sureties were liable;" citing several cases. In the case of De Sisto v. Stimmel, 31 Misc. Rep. 711, 65 N. Y. Supp. 314, it was held that the act of a marshal of the city of New York in taking as indemnity for levying an execution a deposit, instead of the undertaking required by law, was not in the line of his official duties, and the sureties on his bond were not liable where he willfully refused to return such deposit. That case was affirmed (58 App. Div. 486, 69 N. Y. Supp. 431), and the court there said:

"We have been referred to cases in other jurisdictions in which the courts have held that sureties upon official bonds are liable for acts done by their principals colore officii, but we are of opinion that the test of liability in this case is whether the act of the marshal in receiving the deposit was an official or purely an individual one. In the cases in which the surety has been held liable for acts of a principal done under color of office, there was present an element of trespass or wrongdoing as against third parties. There was no such element in the receipt of the money by the marshal in this case. He and the plaintiff entered into an agreement by which the former deposited with him a certain sum of money as indemnity. The marshal had no power to exact it. He had no authority to demand any other in-

demnity than that provided by the statute, namely, a bond. But it was not a wrongful act on his part to accept other indemnity if it were tendered or furnished him by the plaintiff. The furnishing of that indemnity, however, was a matter resting in contract between himself and the plaintiff. The liability of a surety upon a marshal's bond does not extend to making good defaults of the marshal upon special contracts which may be made by him with persons for whose benefit he is charged with the execution of legal process."

The defendants can, therefore, derive no benefit from the case last referred to.

On the other hand, in Dennison v. Plumb, 18 Barb. 89, which has never been overruled, and cited in Denison v. Ford, 7 Daly, 382, and Cumming v. Brown, 43 N. Y. 516, with approval, many cases were collated and compared, and the conclusion arrived at was that, where a sheriff seizes and sells the property of B. upon an execution against A., he is to be regarded as .doing an act in his official capacity.

In the case at bar the bond is conditioned for the faithful discharge by the marshal of the duties of his office, and in default thereof the surety agreed to pay all damages, costs, and expenses resulting from such default, etc. It seems clear that Rain, in taking the property of the plaintiff herein, was acting as marshal. He had process. He was set in motion as an official. He assumed to take the property of the plaintiff by virtue of the attachment then in his hands. His act was done colore officii, and he was not faithfully discharging the duties of his office, which forbade his taking property other than that of the defendant named in the attachment. I am in favor of affirming the judgment.

Judgment affirmed, with costs. All concur.