## FRIEDLAND v. UNION SURETY & GUARANTY CO.

(Supreme Court, Appellate Term.  February 23, 1904.)

1. MUNICIPAL COURT—JURISDICTION—FOREIGN CORPORATION.

Under the Municipal Court act (Laws 1902, pp. 1488, 1489, c. 580, § 1), specifying as the subject of jurisdiction of that court the bond of a marshal of the city of New York as prescribed in the act (subdivision 5), and as persons subject to its jurisdiction foreign corporations having an office in the city of New York, where the amount claimed does not exceed $500 (subdivision 18), it has no jurisdiction of an action against such foreign corporation as surety on the bond of a marshal of the city of New York, where the amount involved is over $500, though there is no limit as to amount specified in subdivision 5.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Abraham Friedland against the Union Surety and Guaranty Company.  From a judgment for defendant, plaintiff appeals.  Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

S. Sutton, for appellant.

Van Schaick & Norton, for respondent.

GILDERSLEEVE, J.  The sole question raised by this appeal, is, whether the Municipal Court has jurisdiction to render judgment against a foreign corporation having an office in the city of New York, and being the surety in a bond given by one of the marshals of the city of New York for a greater sum than $500.  The Municipal Court held in this case that it had not, and, as the plaintiff claimed to recover upwards of $600, dismissed the complaint on that ground alone; hence this appeal.

The plaintiff's assignors recovered judgment against one Gunn, a marshal appointed for the borough of Brooklyn, and having, pursuant to sections 295 and 296 of the Municipal Court Act (Laws 1902, pp. 1574, 1575, c. 580), applied to a justice of the Supreme Court in the Second Department for leave to prosecute the marshal's bond in their own names, leave was granted, and it was ordered to be prosecuted in the Municipal Court of the city of New York, and this action was then brought by the plaintiff, as assignee of the judgment creditors.  The order granting leave to prosecute the bond in question, as originally made, designated the County Court of Kings county as the court in which the action might be brought.  But on the application of the attorney for the moving parties, plaintiff's assignors, it was resettled and modified by substituting the Municipal Court of the city of New York in place of the County Court of Kings county.

The determination of the question thus presented seems to rest on the construction of subdivisions 5 and 18 of section 1 (pages 1488, 1489) and of section 296 (page 1575) of the act.  Subdivision 5 specifies, as a subject of jurisdiction of the Municipal Court, "the bond of a marshal of the city of New York as prescribed in this act," and subdivision 18 specifies as persons subject to its jurisdiction ("persons"

being defined in section 360 [p. 1593] as including both corporations and natural persons); among others, a foreign corporation having an office in the city of New York, where the amount claimed does not exceed $500. Section 295 of the act prescribes the conditions and procedure for obtaining leave to prosecute a marshal's bond by a person aggrieved by the marshal's official misconduct, and section 296 declares that the justice of the Supreme Court to whom the application for leave is made may order the bond to be prosecuted in the Municipal Court of the city of New York, or in the City Court of the city of New York if the borough for which the marshal was appointed be within the county of New York, or in the County Court of the county wherein such borough is situated if in any other county. That section further provides that "either of said courts shall have jurisdiction in actions brought on such bond upon such leave being granted." Thus, by the terms of this section, as construed by us in Fohs v. Rain, 39 Misc. Rep. 319, 79 N. Y. Supp. 872, the justice could have ordered the bond prosecuted in the Municipal Court or in the County Court of Kings county. As already noted, the parties first chose the County Court and afterwards the Municipal Court. In support of his position that the jurisdiction of the Municipal Court in this case was not limited to $500 the counsel for the appellant argues that subdivision 5 of the act confers jurisdiction in an action on the bond of a marshal without limit to the amount of damages it may award, and that subdivision 18, although seemingly limited to actions where the amount claimed does not exceed $500, is to be construed as applying that limit exclusively to actions against an administrator or an executor as such; and that it was intended as an increase of the amount to which the District Courts had by the act of 1895 been limited in suits against an executor or an administrator.

The obvious sources of the jurisdiction of the Municipal Court in a case like this are subdivisions 5 and 18, above cited. The former designates the subject-matter of the cognizance; the latter the persons over which it may exercise jurisdiction. One of those persons is a foreign corporation having an office in the city of New York, to which description the defendant here answers. There is no limit in amount specified in subdivision 5, but subdivision 18 contains the limitation of $500. These two subdivisions must be read together, and, so read, by the simplest rules of syntax, the limitation of $500 in subdivision 18 applies to each and every of the persons therein designated. The intention of the Legislature to this effect could hardly be more plainly expressed. It follows from this view that the court below was right in holding that it had no jurisdiction to entertain this action, unless section 296 conferred jurisdiction on that court. Recurring to the terms of that section, it will be observed that the Legislature attempted to clothe a justice of the Supreme Court sitting at Special Term with the power and authority to confer upon the Municipal Court, the City Court of the city of New York, and the County Court jurisdiction of actions on marshal's bonds without limit as to amount; and in one case—that of the County Court—in the face of the express prohibition of the Constitution and the statute against the County Court taking jurisdiction in actions in which the amount claimed exceeds $2,000, or

the defendant is not a resident of the county.  The County Court was established by the Constitution, and its jurisdiction expressly defined and declared in that instrument.  The jurisdiction granted to that court excludes a cause in which a nonresident of the county is the defendant, or in which the amount claimed exceeds $2,000.  And to guard against legislative interference with these two conditions and limitations of its jurisdiction, the Constitution provides that the Legislature may enlarge or restrict the jurisdiction of the County Court, provided it does not extend it so as to authorize an action therein for the recovery of money only in which the damages demanded exceed $2,000, or in which a person not a resident of the county is the defendant.  Const. art. 6, § 14.  Now, section 296 of the Municipal Court act is an attempt to give a justice of the Supreme Court at Special Term the power to say that in this case the plaintiff may recover $600, when the act says he cannot recover more than $500, and that the plaintiff, if he had so chosen—as he first did—might have had leave to sue the defendant, a foreign corporation not having an office in Kings county, for an unlimited amount in the County Court of that county, when the Constitution has declared that the Legislature shall not touch those two features of that court's jurisdiction. The Legislature could not delegate a power which it did not possess; nor, indeed, if it had the power, was it within its prerogative to delegate to one man, not even to a justice of the Supreme Court, authority which might be unwisely used, to the unintentional, though fatal, confusion of an important part of our judicial system and the inconvenience of the people.  The attempt to do so is condemned by every principle of constitutional law and by every consideration of a wise expediency.  Cooley on Constitutional Limitations (7th Ed.) c. 5, p. 163; Black's Constitutional Law, § 142 et seq.  For these reasons we hold that the jurisdiction of the Municipal Court in this case rests upon subdivisions 5 and 18 of section 1 of the act, and that they limit the recovery against the defendant here to $500.

The judgment is affirmed, with costs.

FREEDMAN, P. J., concurs.

GREENBAUM, J. (concurring).  A study of the history of the origin and jurisdiction of the Municipal Courts shows that there never was a general money limitation affecting all kinds of actions in these courts.  The Legislature has from time to time specifically conferred jurisdiction in certain kinds of actions and proceedings, some with definite money limitations and others without such limitations.  Sections 2862, 2863, Code Civ. Proc. 1901; Charter 1897 (Laws 1897, p. 485, c. 378, § 1364 et seq.); Consol. Act (Laws 1882, p. 1, c. 410, § 1284 et seq.); and the earlier laws upon which the foregoing were based.  The provision of the Municipal Court act conferring jurisdiction in actions "upon the bond of a marshal of the city of New York as prescribed in this act" (subdivision 5, § 1) originated in the Laws of 1862, p. 971, c. 484, § 5, which provided that no marshal thereafter appointed or elected should be permitted to enter upon the duties of his office until he shall execute a bond in the penal sum of

$1,000 to answer the mayor, aldermen, and commonalty of the city of New York and any parties that may complain. Sections 6 and 7 of that act provided for the prosecution of the bond in the name of the party aggrieved in the District Court in much the same manner as now provided by sections 295 and 296 of the Municipal Court act. No money limitation in such action was prescribed, and, in view of the amount of the bond required, the intent of the Legislature is plain that the bond should be prosecuted in any sum to the limit thereof in the District Court. The law with reference to marshals' bonds and their prosecution has remained substantially unchanged since 1862. The evidently deliberate omission of any money limitation in this class of actions and in certain other kinds of actions, such as those described in subdivision 6 and 9 of section 1 of the Municipal Court act, and the express reiteration of the $500 money limitation found in the several subdivisions of the act under section 1, plainly indicate that the Legislature intended no such limitation in an action upon a marshal's bond upon compliance with the legal requirements "prescribed" in that act. Inasmuch as the amount of the marshal's bond was fixed by law at $1,000, an action thereupon could not exceed that sum, and the provisions of the Constitution limiting the jurisdiction of inferior local courts to $2,000, the limit imposed upon County Courts, would not be violated. Article 6, § 18, of New York State Constitution; Worthington v. The London Guarantee & Accident Co., 164 N. Y. 81, 58 N. E. 102.

The next question is: Did the Legislature intend to discriminate between private individuals and corporations in actions upon such bonds, where the amount claimed exceeds $500? Subdivision 18 of section 1 of the New York Municipal Court act provides that the jurisdiction of the court "extends to actions against the city, a domestic corporation, or foreign corporation having an office in the city, and an administrator or executor as such, where the amount claimed does not exceed five hundred dollars." The language of subdivision 18 expresses a limitation to the extent of $500 in all actions mentioned in the other subdivisions of the jurisdictional section of this act. An examination of the sources of said subdivision 18 may throw light on the subject. Section 1284 of the consolidation act contained a special subdivision similar to that found in the present Municipal Court act extending jurisdiction to corporations in actions "where the sum claimed does not exceed two hundred and fifty dollars." On the other hand, under the Greater New York Charters (1897 and 1901) jurisdiction was conferred upon the Municipal Courts against domestic corporations and foreign corporations having an office in this city generally and without the express money limitations as stated in subdivision 18, § 1, of the Municipal Court act. Such actions could therefore as well have been maintained in a sum exceeding $500 against a domestic corporation or a foreign one with an office here as against an individual up to the time the Municipal Court act went into effect. There is no apparent reason for the peculiar and anomalous situation which discriminates in favor of corporations on marshals' bonds; particularly when it is a matter of common knowledge that many corporations are specially engaged in the business of

·executing such bonds. The only reasonable explanation that can be given for the peculiar condition pointed out is that it is the result more of an unfortunate and unsuccessful attempt to gather into one ·subdivision the parties over which the court should have jurisdiction than of any desire to discriminate between parties defendant in the various actions. If it were possible to resort to any reasonable construction which would prevent an unreasonable discrimination between classes of parties to the same kind of an action, this should be done. It is ·not the province of the courts to enact legislation, and, where the plain meaning of the words would have to be distorted to effectuate a result, the courts cannot deliberately ignore the language of the statutes, but are obliged to give effect to the only meaning of which the words, however unhappily expressed or placed, .are capable.

The learned counsel for the appellant urges that the limitation of ·$500 should be construed as applicable to the case of "executors and administrators" only, because they are immediately and closely followed in subdivision 18 by the words, "where the amount claimed does not exceed five hundred dollars." Such a contention would be arbitrary, and not permissible, particularly as we find that subdivision 13 of section 1285 of the consolidation act, which extended jurisdiction against corporations, contains ·no reference to "executors and administrators," and in language quite analogous to that employed in ·subdivision 18, § 1, of the Municipal Court act, limited the jurisdiction ·to actions ·where the amount claimed "does not exceed two hundred and fifty dollars."

Nor is there force in the application of the rule of construction, also ·urged by appellant, that, "where there is an irreconcilable conflict between the different parts of the same act, the last in order of position must control," because there is not only no irreconcilable conflict, .albeit an unfortunate and discriminatory result is effected, but sections 293 and 296 of the Municipal Court act, which treat of the procedure ·to be taken before commencing an action upon a marshal's bond, although subsequent in position to subdivision 18, § 1, are in effect referred to in subdivision 5, § 1, by the words "as prescribed in this act," and are thus made to precede subdivision 18 of said section 1.

The conclusion is reluctantly arrived at that no jurisdiction is conferred against· a corporation in any action where the amount claimed ·exceeds $500, and the judgment must be affirmed.