DELIA ALLEN, Appellant, v. HARRY WOLKOF and ÆTNA ACCIDENT AND LIABILITY COMPANY, Respondents.

(Supreme Court, Appellate Term, Second Department, December, 1917.)

Municipal Court of city of New York — jurisdiction of — marshal of, required to file bond — actions — Municipal Court Code, § 146.

Under section 146 of the Municipal Court Code a marshal is required to file a bond in the sum of $3,000 and the Municipal Court of the city of New York has not jurisdiction of an action against a surety on such a bond.

BENEDICT, J., dissents.

APPEAL from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, fourth district, rendered October 30, 1917, in favor of the defendants dismissing the complaint, with costs.

George R. Brennan, for appellant.

Harry M. Peyser, for respondents.

CALLAGHAN, J.  Plaintiff appeals from a judgment of the Municipal Court dismissing the complaint, after a motion made for that relief.  The motion was for judgment on the pleadings.

The single question involved in this appeal is the jurisdiction of the Municipal Court to entertain an action against the surety on the official bond of a marshal when the amount claimed exceeds $1,000.  The court below held that the Municipal Court had no such jurisdiction.

The plaintiff seeks to maintain this action by virtue of subdivision 2 of section 6 of the Municipal Court Code.  That subdivision, after making provisions for an action in replevin where the value of the chattel does not exceed $1,000, and for dispossessing tenants without regard to the amount due, or claimed to be due, for rent, then states that " an action upon the bond of a marshal of the city of New York " may be maintained — apparently without any money limitation.

By section 146 of the Municipal Court Code a marshal is required to file a bond in the sum of $3,000.  If the Municipal Court had jurisdiction to entertain an action on a bond for that amount, or on a bond for any other sum in excess of $1,000, such authority must be found in subdivision 2 of section 6 of the Municipal Court Code.  Subdivision 1 of that section specifies the character of the actions over which the court has jurisdiction and limits the amount that may be claimed therein to $1,000, but it is contended that, inasmuch as provision for a suit upon a marshal's bond is not contained in subdivision 1, such failure, or non-inclusion, evidenced an intention on the part of the legislature to give jurisdiction upon such bond without limitation in amount.

The general scheme of the Municipal Court Code was to enlarge the jurisdiction of that court to $1,000, and,

in conferring jurisdiction upon that court to entertain actions upon the official bonds of marshals, the legislature evidently intended to do away with the cumbersome, and seemingly unnecessary, procedure prescribed by sections 295 and 296 of the Municipal Court Act. Under the provisions of that act, no action could be brought upon the official bond of a marshal until a justice of the Supreme Court authorized such an action and granted leave to sue. Such justice was required in his order to specify the court in which the action was to be brought, though he had no power to specify that the action should be brought in a court unless that court had jurisdiction of the action. *Frie· land* v. *Union Surety Co.*, 43 Misc. Rep. 38.

The presumption is, naturally, that the legislature did not intend to enact a law which would violate the Constitution of the state. If the Municipal Court had jurisdiction to entertain an action for $2,000, the logical inference is that it had jurisdiction to entertain an action for the full amount of the marshal's bond, which is $3,000. Had the legislature attempted to confer upon the Municipal Court jurisdiction to entertain an action against the surety on a marshal's bond for a sum in excess of $2,000, such an act would be unconstitutional, as being in contravention of sections 14 and 18 of article 6 of the Constitution of the state. These sections prescribe the jurisdiction of the County Court and limit the jurisdiction to be conferred upon any inferior court to a sum not greater in amount than that conferred upon the County Court. The County Court cannot entertain an action where the amount claimed in money damage exceeds $2,000.

An attempt to confer upon the City Court jurisdiction in an action to recover a sum in excess of $2,000 was held unconstitutional. *Lewkowicz* v. *Queen Aeroplane Co.*, 207 N. Y. 290. Clearly, if the legislature had

no power to confer jurisdiction on the City Court in excess of the constitutional limitation prescribed for a County Court, it cannot confer such jurisdiction upon the Municipal Court.

The appellant urges that an action upon the official bond of a marshal can be prosecuted only in the Municipal Court. Such contention can find little support, especially in view of the provisions of section 1888 of the Code of Civil Procedure, which prescribes the method of bringing an action in any court upon an official bond. I conclude, therefore, that the omission in subdivision 2 of section 6 of the Municipal Court Code, apparently deliberate, of any money limitation in an action against the surety on the bond of a marshal, and the retention of the general money jurisdiction of $1,000, plainly indicate the intention of the legislature to limit the amount to be recovered on a marshal's bond to $1,000. It follows, therefore, that the Municipal Court has no jurisdiction upon a marshal's bond to recover a sum greater in amount than $1,000, and that the complaint was properly dismissed.

Judgment affirmed, with twenty-five dollars costs.

CLARK, J., concurs.

BENEDICT, J. (dissenting). I dissent from the conclusion reached by my associates that the Municipal Court has no jurisdiction of an action on the bond of a city marshal where the amount claimed exceeds $1,000.

Appellant contends that such jurisdiction exists by virtue of the last clause of subdivision 2 of section 6 of the Municipal Court Code. A reading of section 6 makes it clear that that section does not in terms place any monetary limit upon the jurisdiction of the Municipal Court in an action upon a marshal's bond. Subdivision 1 enumerates a number of classes of actions jurisdiction of which is conferred subject to the general

limitation that the amount claimed does not exceed $1,000. Subdivision 2 contains no general limitation, but confers jurisdiction of a number of actions and proceedings, the last of which is " an action upon the bond of a marshal of the city of New York." The only one of the actions and proceedings specified in subdivision 2 in which the jurisdiction is limited in amount is an action to recover a chattel, and this limitation is not stated generally as in subdivision 1, but specifically with respect to that particular form of action. The insertion of the general limitation at the beginning of subdivision 1, with its omission in subdivision 2, is strong evidence of the legislative intent that the limitation should not apply to those actions and proceedings enumerated in subdivision 2, except as otherwise specially provided. The language of the statute is plain and unequivocal, and I see no room for the application of canons of construction, in a vain striving to ascertain what was the legislative intent.

The history of the statutory provisions relative to marshals' bonds and actions thereon serves to support the conclusion that jurisdiction of such actions is not limited in amount by statute. It is unnecessary to recite the earlier acts in detail. Suffice to say that they required each marshal to give a bond, which was to be approved first by the mayor, and under the charter by the city clerk. It was provided that leave to prosecute such a bond should be obtained from a justice of the Court of Common Pleas, and later from a justice of the Supreme Court. The action, when so directed by such justice, might always be brought in the District Courts until they were superseded by the Municipal Court, and thereafter in the Municipal Court, also in certain other courts, when so directed by the justice; and jurisdiction of such actions was conferred on the District Courts and the Municipal Court, when leave to sue

therein was granted by such justice, without any express monetary limitation. Laws of 1862, chap. 484, §§ 4–7; Consol. Act (Laws of 1882, chap. 410), § 1285, subd. 9; Id. §§ 1699–1702; Greater N. Y. Charter (Laws of 1897, chap. 378), § 1364, subd. 10; Id. § 1428; Code Civ. Pro. § 3215, subd. 4. Jurisdiction of several other classes of actions, but not of all, was at the same time subject to a monetary limitation, first of $250 and then of $500; but there was no general limitation of that character. Laws of 1857, chap. 344, § 3; Code Pro. §§ 52–54; Laws of 1858, chap. 334, § 5; Laws of 1862, chap. 484, § 17; Code Civ. Pro. § 3215; Consol. Act (Laws of 1882, chap. 410), § 1285; Greater N. Y. Charter (Laws of 1897, chap. 378), § 1364.

The Municipal Court Act (Laws of 1902, chap. 580) enumerated severally the cases in which the court should have jurisdiction, including, "An action upon the bond of a marshal of the city of New York, as prescribed in this act." § 1, subd. 5. The penalty of a marshal's bond was fixed at $2,000 (§ 294), and it was to be approved by the city clerk. Id. Leave to prosecute such a bond was to be obtained from a justice of the Supreme Court (§ 295), who might direct it to be prosecuted in the Municipal Court, in the City Court of the city of New York in a borough within the county of New York, or in a County Court in any other borough. It was provided that, "Either of said courts shall have jurisdiction in actions brought on such bonds." No monetary limit is stated.

The Municipal Court Code (Laws of 1915, chap. 279) contains the jurisdictional provisions already referred to, which seem to be rather a regrouping of the provisions of section 1 of the Municipal Court Act, with a view to stating them in more concise language and more nearly logical order, than an attempt to modify them extensively, except to raise the monetary limit in

certain classes of cases to $1,000. One other important change, having a special bearing on the subject under consideration, may be noticed. In the Municipal Court Act it was provided that the jurisdiction extended to actions against a domestic corporation or a foreign corporation having an office in the city of New York, where the amount claimed did not exceed $500 exclusive of interest with costs. § 1, subd. 18. Under this provision it was held that in an action on a marshal's bond against a foreign corporation, as surety thereon, the jurisdiction of the Municipal Court was limited to $500. *Frieland* v. *Union Surety Co.,* 43 Misc. Rep. 38. See particularly opinion of Mr. Justice Greenbaum. The Municipal Court Code (§ 6, subd. 4) gives jurisdiction of actions and summary proceedings '' within the foregoing limitations '' by and against domestic and foreign corporations, thus eliminating the distinction between individuals and corporations.

Other provisions of the Code (§ 146) fix the penalty of a marshal's bond at $3,000 and provide for its approval by a justice of the Municipal Court. Leave to prosecute such a bond is to be obtained from a justice of the Municipal Court (§ 147), and it is provided that upon such leave being obtained the action may be prosecuted in that court. There is no limitation in amount, and no provision is made for the prosecution of such an action in any other court. Id.

From these statutory provisions we see that from 1862, when the office of marshal was first created, to the present time, the action on a marshal's bond has always been treated by the legislature as in a class by itself, and subject to different regulations from other actions prosecuted in the District Courts and the Municipal Court. The provisions of the Municipal Court Code, placing the whole matter of marshals' bonds under the control of that court, as well as the

elimination of the provisions of the Municipal Court Act limiting jurisdiction in actions against corporations to a certain amount, tend strongly to show that the legislature did not intend to place a monetary limit upon the jurisdiction of the court in this class of suits.

It may be noted in passing that in Justices' Courts there is no monetary limitation in actions upon bonds taken by a justice of the peace. Code Civ. Pro. § 2862, subd. 5. See, also, Code Pro. § 53, subd. 6.

It is urged that, inasmuch as under the present law the penalty of a marshal's bond is required to be $3,000, the legislature cannot be deemed to have intended to grant jurisdiction without monetary limit to the Municipal Court, because to do so would transgress the provisions of section 18 of article VI of the Constitution of the state, which, read in connection with section 14 of the same article, forbids jurisdiction in excess of $2,000 in actions for the recovery of money only to be conferred on an inferior court. The answer to this argument is that although the penalty in a marshal's bond is $3,000, an action thereon may be for a less amount, that is, for the amount of the damage to the party aggrieved. Doubtless under the Constitution no action for damages in excess of $2,000 on such a bond could be maintained in the Municipal Court. Whether it could be maintained in any other court we need not decide. But the action here is for $2,000, and that does not transgress the constitutional limitation.

For these reasons, I am of opinion that the jurisdiction of the Municipal Court in actions on marshals' bonds is not limited to $1,000; but that an action in that court on such a bond may be brought for any amount up to $2,000.

Judgment affirmed, with costs.