DELIA ALLEN, Appellant, v. HARRY WOLKOF and ÆTNA ACCIDENT AND LIABILITY COMPANY, Respondents.

Second Department, March 8, 1918.

Court — Municipal Court, City of New York — jurisdiction — action upon marshal's bond — recovery not limited to $1,000.

The Municipal Court Code of the city of New York, giving to said court jurisdiction of " an action upon the bond of a marshal " of the city of New York, does not limit the recovery in such action to $1,000 and an action to recover $2,000 may be brought in said court.

It seems, however, that the Legislature cannot constitutionally confer upon the Municipal Court jurisdiction to an amount which would exceed the jurisdiction of the County Courts.

APPEAL by the plaintiff, Delia Allen, from an order and determination of the Appellate Term of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 4th day of January, 1918, affirming a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, Fourth District, dismissing the complaint in an action upon a marshal's bond.

The complaint for $2,000 was held to exceed the limit of the jurisdiction of the Municipal Court.   (102 Misc. Rep. 122.)

George R. Brennan [J. LeRoy Gibson with him on the brief], for the appellant.

Harry M. Peyser, for the respondents.

PUTNAM, J.:

We have to construe Laws of 1915, chapter 279, section 6, subdivision 2, being the act called the New York City Municipal Court Code.   Section 6 sets forth and defines the

jurisdiction as now enlarged. Subdivision 1 states that such jurisdiction is over seven different actions " when the amount claimed in the summons does not exceed one thousand dollars, exclusive of interest and costs." This is followed by subdivision 2.

" 2. Of the following actions and proceedings: an action to recover a chattel or chattels the aggregate value of which does not exceed one thousand dollars, with or without damages for the taking or detention thereof; a summary proceeding authorized by the Code of Civil Procedure to recover possession of real property situated wholly or partly within the district where the application is made, * * * ; an action in behalf of the People of the State or the city of New York, brought by the direction of a commissioner of public charities or an overseer of the poor, upon a bastardy or abandonment bond; *an action upon the bond of a marshal of the city of New York.*"

Though these two last actions have no express limit in amount, respondents urge that in harmony with subdivision 1 and the general scheme of this Code, there is implied a limit of $1,000.

Subdivision 2 of section 6, however, may be regarded as designedly omitting to fix any money limit in actions on these special bonds. A poor suitor might be oppressed by the malfeasance or . misfeasance of a marshal in executing an order of arrest (§ 32), an attachment (§ 43), or an execution (§ 135), issued as process from the Municipal Court. The arm of the court should be answerable in the court that issued and controlled the process that gave the marshal his authority. Had the Legislature fixed $1,000 as the limit of such jurisdiction, the marshal and his sureties might be forced into the Supreme Court, wherein delays .and larger scale of costs might work a hardship to both litigants. This conclusion finds support in the dissent of Mr. Justice BENEDICT in the Appellate Term, whose opinion (102 Misc. Rep. 125) cites the prior statutes since 1862, conferring jurisdiction over such bonds without any express limit as to amount. Surety bonds taken before any justice of the peace may be also sued in a Justice's Court regardless of amount. (Code Civ. Proc. § 2862, subd. 5.)

Leave to sue on a marshal's bond formerly came from a Supreme Court justice (Greater N. Y. Charter [Laws of 1901, chap. 466], § 1428; Mun. Ct. Act [Laws of 1902, chap. 580], § 295, as amd. by Laws of 1910, chap. 538), but this Municipal Court Code (§ 147) declares: "An action upon the bond of a marshal may be brought and prosecuted to judgment in this court, upon leave obtained from a justice of this court."

The purpose of the act also is better served by not limiting this jurisdiction to $1,000, since the justice of the Municipal Court who hears such complaints for a marshal's misconduct under section 152, may prefer charges against him with the mayor, upon which the marshal is to be put under suspension.

We may also regard the mandate for a liberal construction by section 180. It not only declares that a presumption of regularity is to attach to its acts and orders, but the Legislature finally directs that "every fair intendment shall be made in favor of its jurisdiction."

A difficulty does arise by the increase in marshal's bonds to $3,000 by section 146. The Legislature could not constitutionally confer on the Municipal Court jurisdiction to that amount, which would be a greater jurisdiction than that of the County Courts. (Const. art. 6, §§ 14, 18.)

This action, however, does not thus transgress. This complaint is for only $2,000, which also is the amount of the bond in suit. We need not and cannot here decide, therefore, as to the jurisdiction over a complaint demanding $3,000 as damages upon such increased bond.

I advise to reverse, with costs in all three courts, and that defendants' motion for judgment be denied.

JENKS, P. J., THOMAS, MILLS and RICH, JJ., concurred.

Order of the Appellate Term reversed, with costs in all three courts, and defendants' motion for judgment denied.