David Kusnetz, J.
The plaintiffs, in an action pending in this court arising, in part, from their eviction from certain premises under a warrant of dispossess which they claim to be invalid, seek leave to sue upon the bond or undertaking of the city marshal who evicted them, and thereupon to add said city marshal and her surety as parties to this action by the issuance of a supplemental summons and amended complaint. The motion is opposed chiefly on the ground that under section 147 of the New York City Municipal Court Code only a justice of that court may grant leave to sue on a city marshal’s bond, and that such an action must be brought and prosecuted to judgment in the Municipal Court.
All matters relating to city marshals of the City of New York, including the bond to be executed and any prosecution on such bond, are covered in article 2 of title VIII of the New York City Municipal Court Code, constituting sections 145 through 153 thereof. Similar provisions were contained in article II of title VIII, constituting sections 293 through 306 of the New York City Municipal Court Code enacted by chapter 580 of the Laws of 1902. Section 295 of the earlier code required the recovery of a judgment against the marshal and the return of execution before leave to sue on the bond could be sought, and such leave could be obtained on motion made at Special Term of the Supreme Court in the judicial department wherein the borough for which such marshal shall have been appointed is situated, after giving him and his sureties eight days’ notice by personal service. Section 296 provided that the justice of the Supreme Court, before whom application for leave to sue is heard, may order such bond to be prosecuted in the Municipal Court of the City of New York or the City Court of the City of New York, if such borough be within the County of New York, or the County Court of the county wherein such borough is situated if in any other county, and that either of said courts shall have jurisdiction in actions brought on such bond after leave to sue has been granted.
Sections 295 and 296 were superseded by section 147 of the present code, and that section provides that an action upon the bond of a city marshal may be brought and prosecuted to judgment in the Municipal Court, upon leave obtained from a justice of that court, according to the provisions relating to an action in the Supreme Court by a private person upon an official bond. It was held in Allen v. Wolkof (182 App. Div. 634) that the Municipal Court of the City of New York had jurisdiction up to the amount of the bond of a city marshal, notwithstanding *1002 that shell amount exceeded that Court’s then monetary jurisdiction of $1,000. Manifestly then, the Municipal Court new has jurisdiction to entertain suit on the $6,000 bond of the city marshal here involved notwithstanding that its present monetary jurisdiction is only $3,000.
In view of the repeal of former sections 295 and 296 of the Municipal Court Code, which were superseded by the present section 147, leave to sue on a marshal’s bond may be obtained only in the Municipal Court, and inasmuch as section 23 of the Public Officers Láw provides thát an action on an official bond or undertaking must be brought in the court in which leave to bring such action was granted, it is clear that an action upon a bond of a city marshal can be brought only in the Municipal Court of the City of New York after leave to bring such action has been granted by a justice of that court. Mr. Justice Benedict, who entered a dissent in the Appellate Term in Allen v. Wolkof (102 Misc. 122, later revd. by App. Div., supra), reviewed the history of marshals’ bonds (p. 128) and stated that leave to sue thereon “is to be obtained from a justice of the Municipal Court (§ 147), and it is provided that upon such leave being obtained the action may be prosecuted in that court. There is no limitation in amount, and no provision is made for the prosecution of such an action in any other court. Id.” (Emphasis supplied.)
In light of the foregoing, plaintiffs’ motion is denied without prejudice to proceedings in the Municipal Court.
Submit order.